SIMEON A. BABBITT AND EMILY K. BABBITT, HIS WIFE, *v.* DUSTIN BOWEN, DUDLEY C. DENISON AND RACHEL C. DENISON.

[IN CHANCERY.]

*Settlement of estates. Foreclosure of mortgage.*

It is not indispensable to the settlement of a deceased person's estate that an administrator should be appointed, or that the probate court should take any proceedings relative to the estate. The heirs may, if they see fit, pay the debts and divide the surplus among themselves.

In a petition for the foreclosure of a mortgage it was alleged that the mortgagee was dead; that the petitioner was one of his heirs; that the mortgagee's

heirs divided his property among themselves, and agreed that the note and mortgage in question should belong to the petitioner, and that they were then assigned and delivered to her; *Held,* that this was a sufficient averment that the legal interest in the mortgage and note in question had been transferred to the petitioner.

In such a case it further appeared that there was only one unpaid claim against the mortgagee's estate, and that that amounted to only one hundred dollars; that no administrator had been appointed, nor any proceedings had in the probate court relating to the settlement of the estate; that the estate amounted to about forty thousand dollars; that all the heirs of the mortgagee admitted the mortgage debt in question to belong to the petitioner; and that the only person claiming to be a creditor of the estate, though aware of the petition for foreclosure, had not asked for the appointment of an administrator, nor claimed the benefit of this mortgage debt as a security for her claim, nor asked to be made a party to the petition; *Held,* that the petitioner was entitled to a decree of foreclosure, upon furnishing the maker of the mortgage note indemnity against any liability to pay it a second time.

PETITION for the foreclosure of a mortgage. The facts in the case and the decree of the chancellor appear in the opinion of the court. . The defendants appealed from the decree of the chancellor.

*William Hebard* and *J. B. Hutchinson,* for the orators.

*A. P. Hunton,* for the defendants.

ALDIS J. This is a petition for the foreclosure of a mortgage. The orators allege the execution of a mortgage from the defendant Dustin Brown to Alvin Kinstry, that Kinstry is dead, that the oratrix, Babbitt, is one of his heirs, and then proceeds thus, " that the oratrix and the other heirs of Kinstry divided among themselves certain notes and choses in action belonging to the estate of Kinstry, and the said heirs then agreed that the said note and mortgage should belong to and be the property of the said Emily K., (the oratrix) and they were then duly assigned and delivered to her as her property, of all which the defendant then had notice, and he agreed to pay said note to her, and has paid her some interest which has accrued thereon."

It is objected that this is not a sufficient averment that the legal interest in the mortgage and note has been transferred to her ; that for aught that appears there may be an administrator or executor, and that there may be debts due from the estate,

and the avails of this note may yet be required to pay such debts; that the heirs could not by agreement among themselves divide the choses in action until the debts had been paid and the administrator or executor had assented to the division; and therefore the bill should have shown affirmatively that there was no executor or administrator; that there were no debts to be paid, or that the executor or administrator had agreed to and united in the distribution by the heirs of the choses in action among themselves.

The expression used in the bill is a very general one: that the heirs by agreement divided among themselves the choses in action; that they agreed this note should belong to the oratrix, and then it says, "the note and mortgage were then duly assigned and delivered to her as her property."

We think the fair construction must be that this was done by the heirs, and that it cannot be extended to mean that the assignment was by an executor or administrator, or by an order of the probate court.

Would such a division, by agreement among the heirs, of the personal property of a deceased person be legal? If it would, the averment is sufficient.

It is not indispensable to the settlement of a deceased person's estate that there should be an appointment of an administrator by the probate court; or that there should be any proceedings in that court relative to the estate.

If all the heirs and creditors of the estate see fit to proceed and settle the estate, to pay the debts and divide the surplus by amicable arrangement, and without the aid of an administrator and of the probate court, they can do so. The administrator is not a public officer whose intervention is made necessary by statute or public policy. The title to the real and personal estate descends to the heirs at once, either, first, by the will, or, second, by the general provisions of the law directing the descent and distribution of estates. By law an administrator is not an indispensable medium or conductor through whom the estate must be taken from the deceased and passed over to the heirs. On the contrary, the law passes it directly from the deceased to his heirs or devisees by descent or devise, precisely as it passes from a grantor

to a grantee by deed. When an executor or administrator is appointed he intervenes from necessity or convenience in the settlement of the estate, and then his duties and his representation of all the persons interested in the estate suspends for the time being the direct descent, devise or division of the estate.

It is so unusual for estates to be so situated that they can be settled without the aid of an administrator and of the probate court, that many think such administration indispensable. But it is not. The real owners of property by inheritance can settle and divide it among themselves if they see fit. The advantage of barring claims against the estate by proceedings before commissioners, as well as the convenience of the statutory mode of proceeding in the probate court, make any other mode of settling and dividing estates very unusual.

But as heirs can do so, and as the averment, though very general, avers in substance they have done so, we think the petition on its face shows a legal title to the note and mortgage in the oratrix.

II. The defendant insists that there is a debt due from the estate, a claim which is disputed, and which may require the avails of this note to pay, and therefore there ought to be an administrator.

But it appears in proof that Kinstry left a will; that the executor declined to accept the trust; that no administrator has been appointed; that there have been no proceedings in the probate court except to prove the will; that the two heirs take all the estate as they would by descent, except the devise of some household furniture to three devisees; that these devisees have been paid and have received what was devised to them; that there are no debts or claims against the estate, except the single disputed claim of Mrs. Kinstry's granddaughter, Mrs. McIntosh, for her services as a servant and nurse to the deceased, (which appears to amount only to about one hundred dollars); that she has not asked for the appointment of an administrator, nor claims the benefit of this debt as a security for her claim; that there are but two heirs to the estate, and the other heir fully admits this mortgage debt belongs to the oratrix, and that the estate of the deceased amounts to about forty thousand dollars.

Babbitt and wife *v.* Bowen et al.

As there is no executor or administrator ; as the heirs ask for none and agree fully to settle the estate themselves ; as there can be but one creditor, and she does not ask for an administrator, and lays no claim to this debt to be applied to her use ; as there are no devisees to call upon the defendant for the debt, we do not see how any injury can possibly accrue to the defendant by allowing the oratrix to proceed with her foreclosure. In cases of this kind a court of chancery exercises their discretion, and where it appears that there is a party not joined in the bill whose rights might affect or be affected by the rights or interests of parties to the bill, they make an order for the joinder of the party. Here Mrs. McIntosh makes a claim against the estate, but knowing of this suit, having been a witness, she neither asks for the appointment of an administrator nor to be joined here as a party having a claim to the fund. So long therefore as she, with this knowledge, declines to act at all in any way to embarass the defendant in paying the debt, we think he may safely pay it upon the chancellor's decree. The chancellor has made it a condition precedent to the operation of the decree of foreclosure rendered by him, that the orators file in court a bond to the satisfaction of the chancellor in the sum of one thousand dollars, for the security and indemnity of the defendant Bowen against any liability to be again called upon to pay the note secured by the mortgage in question.

This requirement of indemnity against any possible injury from the claim of Mrs. McIntosh was a precaution of which the defendant cannot complain, and is fully justified by precedents both at law and in equity.

The decree of the chancellor is affirmed.