Barton et al. *v.* Kingsbury.

\* A. S. & H. L. Barton *v.* Eli P. Kingsbury.

[In Chancery.]

*Mortgage.   Foreclosure.   Parties.*

A person who purchased and conveyed mortgaged premises in ignorance of the mortgage lien, with covenants of warranty, seizin, possession, and against incumbrances, is *not* a necessary party to a petition of foreclosure instituted after such conveyance; therefore the decree will not be opened and he let in to redeem, where he was not made a party in such foreclosure suit.

Bill in Chancery.   The facts material to be stated were as follows:

The orators, on the 11th day of January, 1849, became the owners in severalty of twenty-five acres of land in Ludlow, which, with other lands, was subject to a mortgage executed by Alfred Warner to Oliver Tarbell, to secure a debt of about $895 due from Warner to Tarbell.   The orators derived their title by virtue of a deed from said Warner, containing the usual covenants of warranty, seizin, possession, and against incumbrances, which deed was duly executed and recorded.   The orators were then ignorant of the existence of this mortgage, and remained ignorant until some time in the year 1866.   They held and occupied said land until November 5, 1850, when, by joint deed of warranty containing the covenants aforesaid, they conveyed the same to Ryland Puffer and to his heirs and assigns forever, and the same passed, by several deeds, by levies and *mesne* conveyances, to Leander and Reuben P. Simonds.   Said mortgage was dated November 29, 1847, and was duly recorded in Ludlow before the execution of said deed to the orators.   Said Warner has paid a part of the debt secured by said mortgage, but not the whole, and a portion still remains unpaid, and it was claimed by the orators that Warner was insolvent and unable to pay off said mortgage, or to pay them the damages sustained by reason of the breach of

\* Tried February term, 1869.

the covenants in his deed to them. In November, 1851, said Warner executed another mortgage of all the lands described in said former mortgage, except said twenty-five acres, to one Heald, to secure a debt of about $500, due from him to Heald, and this was transferred to the Black River Savings Bank, and by said Bank, in June, 1855, to the defendant Kingsbury, and in June, 1856, said Tarbell transferred said first mortgage to said Kingsbury, and he became the legal and equitable owner thereof, together with the debt secured by said mortgage. Said Kingsbury, in the year 1859, commenced an action of ejectment, founded upon said two mortgages, against said Alfred Warner, C. A. Warner, Reuben P. Simonds, H. Warren, and J. Warren, to recover the seizin and possession of said mortgaged premises, including said twenty-five acres, and finally recovered judgment therein, in the Windsor county court, and after the rendition of judgment therein, said Alfred Warner filed his motion in said court, setting forth that said Kingsbury claimed title to said lands by virtue of said mortgages, and moving said court to ascertain the sum due in equity on said mortgages, and to grant to him a reasonable time to redeem the same, which motion was granted, and the sum found due, with the costs, amounted to $2011.21, and one year was given to said Warner to redeem, but the premises were not redeemed. The orators alleged in their bill of complaint, that said Warner settled with said Kingsbury by conveying, by quitclaim deed at a price stated, all said lands except said twenty-five acres, and this was a full satisfaction of said mortgages. In 1863 said Kingsbury preferred his petition against said Leander Simonds, to forclose his equity of redemption in said mortgaged premises, and duly obtained a decree therein to that effect, and the same became absolute by the failure of said Leander to redeem. The orators alleged that said Leander was out of the state, and never knew of any of said proceedings until long after the expiration of the term of redemption provided in said decree had expired; also that they were not made parties to any of said proceedings, and never knew of them until the year 1866; and that said Leander Simonds threatens to commence a suit against them on account of their said covenants in their deed to said Puffer. Many other

81

facts were alleged, which were claimed to establish that said
Kingsbury had no equitable claim on said premises, but the decis-
ion, being limited to one point, renders a further statement un-
necessary.

The orators prayed that said Kingsbury be decreed either to
execute a quitclaim deed of said twenty-five acres to the orators,
or that they be permitted to pay him the sum in equity due on said
mortgages, and be subrogated to the rights of said Kingsbury in
said premises, and for general relief.

The said Kingsbury alleged in his answer that the reason for
bringing the bill of foreclosure against said Leander Simonds was
that by oversight it was not discovered that he had any claim to
said mortgaged premises until after the proceedings in said action
of ejectment had closed.

The cause was heard at the December term, 1868, BARRETT,
Chancellor, upon bill, answer and proofs, and decree was made
dismissing the bill, with costs. Appeal by the orators.


*Sewall Fullam,* for the orators.


*L. Adams,* for the defendant.


The opinion of the court was delivered by

PROUT, J. In this case the orators seek to open the decrees of
foreclosure, referred to in their bill of complaint, and that they
may be allowed to redeem the mortgaged premises, with a view
of protecting themselves against a liability arising on their cove-
nants contained in a deed by which they conveyed twenty-five
acres, parcel of the mortgaged premises. The interest conveyed
by the orators, by virtue of this deed, passed from their grantee
" by levies and *mesne* conveyances," as alleged in the bill of com-
plaint, prior to the commencement of proceedings of foreclosure
by the defendant, to which the orators were not made parties.
Upon these facts, and inasmuch as the orators derived title from
the mortgagor in ignorance of the mortgages held by the defend-
ant or his assignors, and having conveyed with covenants of war-
ranty, seizin, possession, and against incumbrances to Puffer,

whose title, thus derived, passed from him as indicated, it is claimed by the orators that they were necessary parties to the foreclosure in question, and invested with the right of redemption ; and they also insist that it is unaffected by the foreclosure, as they were not made parties to that proceeding. The interest of the orators, in respect to which this claim of a right of redeeming is made, does not partake, either in its nature or incidents, of a subsisting interest *in* or incumbrance *upon* the mortgaged property. It is an incidental interest, arising wholly by virtue of the covenants referred to, contained in the orators' conveyance, which are an assurance of title, binding them ; by which and the terms of their deed they divested themselves of all interest in the estate and property to which they refer and relate. The orators, then, have no interest in the mortgaged premises, and if not, it is difficult to see upon what ground or for what reason it is indispensable to make them principal parties to the foreclosure, which affects only the title to the estate and those having an interest in it. The mortgagor of course stands in a relation to the property peculiar to himself, but it is not of his rights we are now speaking. The general rule, as laid down in all the cases, in order to cut off an incumbrance or subsequently acquired interest in the mortgaged premises, requires the mortgagee, in proceedings of foreclosure, to notice those liens and interests, and to make those holding them parties, as well as the mortgage debtor. The reason of the rule is, the existence of such lien or interest in the premises affected in the one case, and the mortgagor's relation to and liability for the debt in the other ; who alike have a right of redemption. But it will hardly do to say that this rule applies to every one and all who may be injuriously affected by a decree of foreclosure, upon whom rests an outstanding liability in consequence of existing covenants of title, independent of any such interest in the property, or relation to the mortgage debt, or that they are necessary parties ; and that, unless they are, the decree must be opened, an accounting of rents and profits had, and they let in to redeem. The general creditors of the mortgagor are often injuriously affected by a decree of foreclosure. As such, they, in some sense, are interested in the redemption of the property, yet it is

not such an interest, independent of a lien upon the property, that they are even proper parties, although their debtor's entire estate may be swept beyond their reach by a decree of foreclosure. It is in this attitude and relation that these orators stand; certainly, as respects the rights of the mortgagee. But regarding them by virtue of the conveyance to them as in privity with the mortgagor, their grantor, and as interested in the redemption of the premises in discharge of their covenants and liability, they were only *proper* as distinguished from *necessary* parties to the foreclosure, and the chancellor, on application, might in his discretion allow them to come in and be heard in respect to the accounting, and in ascertaining the amount due on the mortgage, as the merits and equity of the case might demand; which, as it seems to us, is all that can be required, as obviously in many cases it would be impossible for the mortgagee to trace out and discover all in the chain of title having a similar interest to that which the orators set up in this case, which may run through many conveyances and cover a long period of time in respect to an estate thus entangled. Any other rule would lead to endless controversy and often result in great hardship. *Lockwood* v. *Benedict et als.*, 3 Edw. Ch. R., 472; *Whitney* v. *McKinney*, 7 Johns. Ch. R., 144. See also *Soule et als.* v. *Albee et als.*, 31 Vt., 142, which is directly in point.

The leading facts which impel us to this conclusion are, that the orators had no subsisting interest in the mortgaged property when the foreclosure proceedings were commenced. If their grantor conveyed to them the equity of redemption, as the case shows he did, *they* conveyed it to Puffer, leaving the orators destitute of any interest, or right of redemption, which we hold to be necessary. These conclusions render it unnecessary for us to consider any other question involved in the case, and alluded to by counsel in the arguments, which we do not decide.

The decree of the chancellor is affirmed.