## COUNTY OF CHITTENDEN,

#### AT THE

## JANUARY TERM, 1881.

PRESENT:

Hon. HOMER E. ROYCE,
Hon. TIMOTHY P. REDFIELD, ⎱
Hon. JONATHAN ROSS,          ⎰ ASSISTANT JUDGES.
Hon. WHEELOCK G. VEAZEY,

---

## JAMES MINER *v.* ALMA R. SMITH AND J. B. WOOD.

### [IN CHANCERY.]

*Foreclosure of Mortgage. Mortgagor when not a Necessary
Party. Demurrer. Pleading.*

1. When a mortgagor has parted with his entire right and title in an equity of re-
demption, in a proceeding merely to foreclose such equity, and not seeking a
*personal judgment against him,* such mortgagor is neither a *necessary,* nor
proper, party.
2. The mortgagor being deceased, it was the duty of the defendant to *suggest to the
court by plea or otherwise,* such facts that might require the court, in its discre-
tion, to make his representative a party defendant.

HEARD upon petition and demurrer at the April Term, 1880,
PIERPOINT, Chancellor. It was a petition in common form to
foreclose a mortgage. Demurrer overruled.

*William G. Shaw*, for the petitioner.

A mortgagor who has conveyed away his equity of redemption is not a necessary party to proceedings for foreclosure. Story's Eq. Plead. s. 197 ; 2 Jones on Mort. s. 1402, 4, pp. 364, 6 ; *Chester* v. *King*, 2 N. J. Eq. 405 ; *Delaplaine* v. *Lewis*, 19 Wis. 476 ; *Stevens* v. *Campbell*, 21 Ind. 471* ; *Murray* v. *Callett*, 4 Greene (Iowa) 108 ; *Bigelow* v. *Bush*, 6 Paige (N. Y.) 343 ; *Vanmet* v. *Latson*, 19 Barb. 604.

*W. L. Burnap*, for the defendant.

The defendant may undoubtedly redeem by paying the debt ; but she is entitled to have the legal representative of the debtor made a party, in order that the amount due may be properly adjusted. The estate is also entitled to participate in these proceedings that there may be no balance over against it. The demurrer, therefore, for want of a necessary and proper party, should be sustained. *Davis* v. *Converse et al.*, 35 Vt. 503.

The opinion of the court was delivered by

REDFIELD, J. This is a petition to foreclose the equity of redemption of a mortgage, given by Luman A. Smith. The petition alleges that said Luman conveyed his equity of redemption in said premises to Curry ; and that Curry has conveyed the same to the defendant Smith. These conveyances were by quit-claim deed. And, also, alleges that Luman A. Smith has deceased. The defendant, Alma R. Smith, demurs to the petition because the representatives of Luman A. Smith, the mortgagor, are not made parties. Where the proceeding is, merely, to foreclose the equity of redemption, and not a personal judgment on the notes or debt, the authorities upon equity pleadings seem to concur that the mortgagor who has parted with his entire right and title in the equity of redemption, is neither a necessary nor a proper party, unless the bill or petition seeks a personal judgment against him. Story's Eq. Pl. s. 197 ; 2 Jones on Mort. s. 1402-4, pp. 364, 6 ; *Bigelow* v. *Bush*, 6 Paige (N. Y.) 343 ; *Chester* v. *King*, 2 N. J. Eq. 405.

In *Barton* v. *Kingsbury*, 43 Vt. 641, the court, PROUT, J.,

discusses the question whether the person who had purchased the equity of redemption, and conveyed it away with covenants of title, was a necessary party. The court maintain that such person has no *title* or claim to the equity of redemption. If he covenant good title he is not thereby privy in contract to the mortgagee. All persons who have an ownership of, or legal right in, the equity of redemption, are necessary parties. But the mortgagor who has parted wholly with his right and interest in such equity, has no such relation to the *title* that would make him a proper party. But it has been said by the courts of this State that the mortgagor is a proper party in the matter of accounting. But there is no necessary *accounting* in the foreclosure of a mortgage. The decree sought is *in rem ;* and if the mortgagee seeks to lay the foundation for a suit at law to recover the balance of the unpaid mortgage debt after exhausting the mortgage security, he could properly make the mortgagor a party, by alleging that an accounting was necessary to fix the sum due in equity ; the amount found due by the decree would conclude all parties. In this case the averments are that the mortgage was executed ; the equity in the estate was conveyed, subject to the mortgage, and the mortgage debt remains still due and unpaid. The apparent sum due in equity is the mortgage debt and interest. There is, then, nothing in the averments of the petition that would render the mortgagor, even, a *proper* party.

II. The demurrer reaches only such defects as are apparent of record. It does not appear that there is or has been of Luman's estate administration, or that there is any living representative. We think, in this case, it was incumbent on the defendant to suggest to the court by pleas, or otherwise, such facts as might require the court in its discretion to make the representative of Luman A. Smith, if such there be, a party defendant.

The decree of the Court of Chancery is affirmed, and cause remanded.