DANIEL W. A. BRIDGMAN, ADM'R OF HARRIET W.
BRIDGMAN'S EST., DANIEL W. A. BRIDGMAN,
HELEN A. HOLTON, INA M. BRIDGMAN,
IDA E. BRIDGMAN, AND LUKE P.
POLAND v. THE ST. JOHNSBURY
& LAKE CHAMPLAIN
R. R. CO.

[In Chancery.]

*Railroad. Land Damages. Pleading. Parties.* R. L. ss.
3359, 3371.

1. PLEADING — PARTIES. In a suit in equity to recover land damages by fore-closure of an equitable lien on land, taken by a railroad for railroad purposes, a former company, which took the land, and to whose rights the defendant company succeeded, is not a necessary party.
2. The rights and interests of B., one of the owners of the land when taken, have been conveyed to P., who is also now by stipulation the owner of the right to the compensation; *Held,* that B. is not a necessary party, but that P. is.
3. PARTIES — ADMINISTRATOR. Also *held,* that the administrator of the estate of one of the former owners of the land, who deceased without issue, without owing debts, and whose estate has never been administered upon, is not a neces-sary party, all the heirs of such deceased person being parties; but if required, the court would allow an administrator to be appointed and come into the case.
4. LAND DAMAGES, EQUITABLE LIEN FOR. The owner of land taken by a railroad for railroad purposes has a lien on the land enforceable in equity for his damages; and the lien is not affected by the bringing of a suit against a former company which took the land, and by obtaining a judgment under the statute — R. L. s. 3371; and such judgment is final as to the amount of dam-ages to be recovered in a proceeding to foreclose the lien against a subsequent company which succeeded to the rights of the first company.

BILL IN EQUITY to foreclose a lien on land taken by a railroad company. Heard on demurrer, December Term, 1884, Caledonia County, Ross, Chancellor. Bill dismissed.

The orators were Daniel W. A. Bridgman, administrator of Harriet W. Bridgman's estate, Daniel W. A. Bridgman, Helen A. Holton, Ina M. Bridgman, Ida E. Bridgman, and

Luke P. Poland. The bill alleged, in substance, that one Russell Bridgman, deceased, was at the time of his death the owner of certain real estate in Hardwick; that he died intestate, leaving the following heirs to his estate:

His wife, Harriet W. Bridgman, who died on or about the first of January, 1884, and upon whose estate Daniel W. A. Bridgman was duly appointed administrator; Frederick T. Bridgman, Helen A. Holton, Hattie W. Bridgman, Ina M. Bridgman, Ida E. Bridgman, and D. W. A. Bridgman; that the aforesaid heirs of said Russell Bridgman have been and are now the sole owners of the aforesaid real estate, with the exception of said Frederick T. Bridgman, whose interest has been sold, conveyed, and assigned to Luke P. Poland; that Hattie W. Bridgman deceased on the first day of January, 1880; that said Hattie died without issue and upon whose estate no administration has ever been had, she not being indebted to any one at the time of her decease; that said Harriet W. Bridgman, Frederick T. Bridgman, Daniel W. A. Bridgman, Ina M. Bridgman, and Ida E. Bridgman were her only heirs, and that they as such became the sole owners of the estate of said Hattie; that said real estate consisted of a valuable farm in the Village of South Hardwick, Vt., with a pasture, meadow of about thirty acres, a building lot on one of the main streets of said village, building, etc.; that a certain railroad corporation then having a legal existence and known as the Lamoille Valley Railroad Company, about the year 1871 laid out and built a railroad through the said village; that in the construction of said railroad, said corporation, without right, title, permission, or license from any of the said heirs, entered upon the said real estate and built a railroad across said land; that ever since, the said corporation or its successors have wrongfully occupied said land and kept the said heirs from the use thereof; that said corporation continued to run and manage said railroad line till about December 1, 1877, when said corporation became and

was insolvent and unable to pay its debts, and receivers were duly appointed; that said receivers managed said railroad until about July, 1880; that on the 2d of May, 1876, the said heirs commenced their action at law against said corporation to recover their damages for the taking of said land; that said suit was duly prosecuted, and such proceedings were had thereon at the June Term, 1877, of the Caledonia County Court that judgment was rendered against said corporation and the damages were assessed at the sum of $968.60; that said judgment has not been paid; that the said Lamoille Valley Railroad Company was merged with some other corporations about the first of July, 1880, into a new corporation under the name of the St. Johnsbury & Lake Champlain R. R. Co., the defendant; that neither corporation ever had any right or title to said real estate and that they have been occupying the same in their own wrong and that neither have ever paid or caused to be paid the said judgment or in any way paid or offered to pay any remuneration for said land; and that the same was damaged at the time of the taking aforesaid to the amount of more than $1,000. It was alleged that the orators "Knew the said Lamoille Valley Railroad was building its said road over their said land, and that they took no steps to prevent it from building its said railroad; and they knew that the defendant was running its cars over said road on their said land, and they have never forbidden them or either of them from so doing, or have never taken any steps to prevent them from so doing, but they have relied upon the lien upon the said land for said damages."

The prayer was that the defendant be ordered to pay the amount of said judgment as land damages, and, in default thereof, that the defendant be foreclosed from all right in said land.

*Harry Blodgett*, for the orators.

The orators had an equitable lien on the land, which a

Court of Chancery will enforce. *Kittell* v. *R. R. Co.* 56 Vt. 96; *Kendall* v. *R. R. Cos.* 55 Vt. 438; *Adams* v. *R. R. Cos.* 57 Vt. 240.

The judgment rendered against the Lamoille Valley R. R. Co. does not affect the orator's lien. *Root* v. *Lord,* 23 Vt. 568; *Buffalo, N. Y. & Phila. R. R. Co.* v. *Harvey,* 18 Reporter, 734; *Matthews* v. *Lucia,* 55 Vt. 308; *Child* v. *Allen,* 33 Vt. 476; *Williams* v. *R. R. Co.* 60 Miss. 689.

The lien is enforceable against any party who claims under the party that made the entry. Pierce R. R. 167; *Gilman* v. *R. R. Co.* 40 Wis. 653; *W. P. R. R. Co.* v. *Johnston,* 59 Pa. St. 290; *Drury* v. *Midland R R Co.* 127 Mass. 571.

The judgment rendered against the Lamoille V. R. R. Co. is conclusive as to the amount against the defendant. *Kittell* v. *R. R. Co. supra; Pfeifer* v. *S. & F. R. R. Co.* 18 Wis. 155; *N. Y. & G. L. R. R. Co.* v. *Stanley,* 34 N. J. Eq. 55; *Gilman* v. *R. R. Co.* 37 Wis. 317.

*Bates & May,* for the defendant.

The L. V. R. R. Co. should have been made defendant. That company is yet in existence; and the question of interest on the damages affects it. *Adams* v. *R. R. Cos.* 57 Vt. 240.

The assignee of Frederick T. should have been made an orator. Judge Poland had no interest in the land at the time this suit was begun, and is not properly joined.

The administrator of Hattie should have been made co-orator. Her heirs cannot legally represent her interest in damages. *Eureka M. Co.* v. *Lamson,* 47 Vt. 430; Pierce R. R. 185; *Moore* v. *Boston,* 8 Cush. 274; *Hotchkiss* v. *R. R. Co.* 36 Barb. 600-612; Dic. Par. 212.

At the June Term, 1877, certain parties obtained judgment in an action at law against the L. V. R. R. Co. for their full damages, and the same was, at the time this suit begun, in full force.

The judgment merged the claim for damages. *Langdon*

v. *Paul*, 20 Vt. 220; *Palmer* v. *Preston*, 45 Vt. 154; *Green* v. *Starr*, 52 Vt. 426; *Conway* v. *Seamons*, 55 Vt. 8; Freem. Judg. s. 217; *Harris* v. *Alcock*, 10 Gill. & J. 226; *Pike* v. *McDonald*, 32 Me. 418; *Winston* v. *Westfeldt*, 22 Ala. 760.

Damages for separate trespass for one of two defendants cannot be included in a joint judgment against both. *Symonds* v. *Hall*, 37 Me. 354; *Vose* v. *Morton*, 4 Cush. 27; *Drane* v. *Gunymere*, 12 Rep. 627.

The present company could have had no notice of the suit and judgment against L. V. R. R. Co.

The defendant had no existence when the judgment was rendered. The old company is still liable; hence, the defendant is not. *Quimby* v. *Hazen*, 54 Vt. 132; Freem. Judg. ss. 162, 249; *Knapp* v. *McAuley*, 39 Vt. 275.

Under the decisions of this court, after an entry upon land by a railroad company, without consent of the land-owner, and after an acquiescence by the owner, in the occupation by the railroad, the land-owner cannot bring his action at law; but must resort to equity. *Western Vt. R. R. Co.* v. *McAuley*, 39 Vt. 275; *Kittell* v. *R. R. Co.* 56 Vt. 96.

In Maine, where it is held trespass will lie against a railroad company where the facts were like the one at bar—the Statute of Limitation has been applied, in that case six years. 72 Me. 95; Pierce R. R. 179, 209, 219.

Buller's *Nisi Prius*, p. 232, reads thus: "If there be a recovery by verdict against the tenant for life, this is no evidence against the reversion," etc.

The same doctrine is held in *Adams* v. *Butts*, 9 Conn. 79; *Detvsick* v. *Migatt*, 18 Ill. 46; *McConnell* v. *Smith*, 23 Ill. 611; *Howe* v. *Chesley*, 56 Vt. 727.

The opinion of the court was delivered by

VEAZEY, J. This is an appeal in chancery and stands on demurrer to the bill of complaint. Question is first made as to the parties.

I. The Lamoille Valley R. R. Co. is not a necessary

party. Under the allegations of the bill the defendant company is the successor of the right of the Lamoille company in the railroad in question in all respects, and is now in possession of the land of the orators which was taken by the Lamoille company when the road was built. The orators are seeking no personal decree or remedy of any kind against the Lamoille company. They are only seeking to enforce their lien, by foreclosure or injunction, for their land damages against the railroad company now owning the road and occupying the orator's land for railroad purposes. *Miner* v. *Smith*, 53 Vt. 551; *Soule* v. *Albee*, 31 Vt. 143.

II. By the averments of the bill the whole right and interest of Frederick T. Bridgman in the land in question, who was one of the owners thereof when it was taken for railroad purposes, have been regularly and duly conveyed to Judge Poland, and he is now the owner thereof and holds all the legal as well as equitable title, and Frederick T. has no title or interest. This removes all necessity of making Frederick T. a party, and constitutes Judge Poland a necessary party. The former has no interest to be affected by the decree. The right of the latter will be affected by it. He took not only a general conveyance of the land, but, by express stipulation, the right to the compensation for the taking of this land by the railroad company. This entitles the purchaser. Pierce R. R. 185.

III. The bill alleges in substance that Harriet W. Bridgman and her several children named, she being a widow, were the only owners of the farm through which the railroad extended, and from which the land in question was taken, but since it was taken, one of the children, viz., Hattie W., has deceased without issue and upon whose estate no administration was ever had, she not being indebted to any one at the time of her decease; and states who were her heirs, and that they as such heirs became the sole owners of her estate including her interest in the land in

question. This being taken to be true under the demurrer, it was not necessary that an administrator upon her estate should be appointed and become a party to this suit. The demurrer admits a state of facts that precludes the possibility that the estate of Hattie W., deceased, can ever have an interest in this claim adverse to her heirs or for anybody's benefit except that of the heirs who are all orators. But it is claimed that the right to compensation for the land taken survives to the executor or administrator and must therefore be enforced by him. A suit at law would probably have to be in his name. But we think the averments of this bill bring the case within the ruling in *Babbitt* v. *Bowen*, 32 Vt. 437, where it was held that the heirs may, without the appointment of an administrator or any proceedings by the Probate Court in the settlement of a deceased person's estate, pay the debt and divide the surplus among themselves, and that by such division the interest in personal effects, as in a note and mortgage, passes to the heirs respectively as agreed among themselves. The grounds upon which that decision is put, are fully stated by Judge ALDIS, and need not be repeated. It was there held that the heir holding the note and mortgage under such division could maintain a petition to foreclose. The lien in this case upon the land taken is in the nature of an equitable mortgage. This became the property of the heirs upon the decease of Hattie W., subject only to the demands of her estate by reason of debts, but none existed.

If those heirs could by agreement that one should have a mortgage debt thereby invest that one with title sufficient to maintain suit of foreclosure, then it would seem that together without transfer to any one they could in like manner maintain such suit. An intestate's property passes to the heirs generally upon the death of the ancestor by operation of law, not by force of a decree of distribution. The division among the heirs is established by the decree, or may be by agreement. *Babbitt* v. *Bowen, supra.*

Under the allegations of this bill there is and can be no occasion whatever for the appointment of an administrator of Hattie W., except to represent the orators in this suit as to that part which was the interest of Hattie W., but which is now the property of the orators. The court could now and would, if necessary, allow an administrator to be appointed and come in. For the reasons stated, this circumlocution is not necessary in this equity proceeding.

IV. The substantial point of difference in fact between this case, on the merits, and that of *Adams* v. *R. R. Cos.* 57 Vt. 240, is that in that case by no previous agreement or judicial proceeding had the amount of the land damages been determined, whereas, in this case the same was ascertained and adjudged in a suit under sec. 3371, R. L., by the land-owner against the former railroad company, which wrongfully took the land, while occupying and using it for railroad purposes. That suit was brought and determined before the defendant company was organized and had become the owner and occupant of said railroad. The defendant now claims that the effect of that suit and judgment, although never satisfied, was to destroy the land-owner's lien upon the land taken for "its equivalent in money," which the Constitution of the State secured. Where land is taken for railroad purposes and the parties do not agree as to price, the statute provides first,—R. L. sec. 3359,—that the railroad company may have the damages appraised by commissioners. If the company neglect to do this for two years, then the statute further provides that the land-owner may bring suit for his damages within six years after entry. R. L. sec. 3371.

We do not think these provisions were designed to have any effect upon the owner's lien on his land, or that proceedings thereunder should be held to affect such lien. It would be contrary to analogy in case of mortgage security whether real or personal. *Putnam* v. *Russell*, 17 Vt. 54; *Root* v. *Lord*, 23 Vt. 568; 2 Jones Mort. s. 936.

---

Bridgman v. Railroad Company.

---

It is further claimed that the damages adjudged in the suit against the former company should not be adopted in this proceeding. The adjudication as to amount was pursuant to the statute and regular. The lien for a money equivalent existed under the Constitution of the State. The statute provided two methods for fixing the amounts; one available to the railroad company, the other to the land owner upon failure of the company to proceed. If regularly determined by either method we think it was the design of the statute that such determination should be permanent and controlling as against any party subject to the operation of the lien. Such is the holding in other jurisdictions. *Gilman* v. *S. & F. R. R. Co.* 40 Wis. 653; *Western Penn. R. R. Co.* v. *Johnston,* 59 Pa. St. 290; *Drury* v. *Midland R. R. Co.* 127 Mass. 571.

These decisions are not and could not be put on the ground that the subsequent owner of the railroad was bound as a party or privy to the former judgment. The statute having provided a judicial proceeding to determine the amount of the land damages, when the land-owner has once resorted to such proceeding and carried it to determination, it should be final as to a subsequent owner, and we think such was the intention of the legislative enactment. The statute supplemented the Constitution. The latter provided the security, and the former supplied the provision for finding the extent of damages. A subsequent owner of the railroad taking and using the same land should take it with the existing right of the land-owner as judicially established under the statute. No claim is made for interest prior to the taking by the defendant company.

*Pro forma* decree reversed and cause remanded with mandate pursuant to these views.