## RHODA LOCKWOOD

v.

## ELMER V. WHITE AND JOHN L. JOHNSON.

WINDSOR COUNTY, 1893.

Before:   TAFT, MUNSON, START AND THOMPSON, JJ.

*Reformation of Mortgage.   Bona fide purchaser.   Parol evidence.   Parties.   Laches.*

1.   A court of equity may reform a mortgage so as to include premises intended and supposed to be embraced, even after sale and foreclosure, unless the rights of *bona fide* purchasers for value have intervened.

2.   One who purchases the property upon the understanding that it is covered by the mortgage cannot object; nor can one who purchases after the foreclosure decree has become absolute with knowledge of a rumor that the title under the mortgage is defective and that the mortgagee is in possession.

3.   Parol evidence is admissible upon the question as to whether there was a mistake; and as to whether the defendant was a *bona fide* purchaser.

4.   The mistake was made in 1877, and discovered in 1884. The defendant acquired his title in April 1891, and first took possession under it in November, 1891, the oratrix having previously been in exclusive possession. This suit was brought to the May term, 1892. *Held*, that there was no laches upon the part of the oratrix in seeking the relief.

5.   As a general rule, an objection for want of proper parties cannot be taken for the first time upon final hearing.

6.   One who has parted with his entire interest in the premises is not a necessary party to a suit to reform and foreclose a mortgage.

This was a bill to reform and foreclose a mortgage brought by the oratrix against Elmer V. White and John L. Johnson. Johnson disclaimed and White answered claiming to be the owner of the premises which it was sought to include in the mortgage. Heard upon a master's report at the December term, 1892. TYLER, chancellor, decreed, *pro forma*, that the mortgage be reformed in accordance with the prayer of the bill, that the defendant White be enjoined from the prosecution of the suit for a partition of the premises which he had begun, and that he be foreclosed from all equity of redemption in the premises unless he paid on or before a day certain the amount of the original decree with interest. The defendant White appeals. The facts sufficiently appear in the opinion.

*Geo. L. Fletcher* and *W. W. Stickney* for the oratrix.

A mortgage may be reformed to include lands omitted by mistake. *Blodgett* v. *Hobart et al.*, 18 Vt. 414; *May* v. *Adams*, 58 Vt. 74; *Beardsley* v. *Knight et al.*, 10 Vt. 185; *Bailey et al.* v. *Woodbury*, 50 Vt. 166.

Parol evidence is admissible to show the mistake. *Tabor* v. *Cilley et al.*, 53 Vt. 487; 1 Sto. Eq. Jur. ss. 140-142, 153; *Eldridge* v. *Smith et al.*, 34 Vt. 484.

*Gilbert A. Davis* for the defendant.

The oratrix is guilty of laches in not having applied for relief. *King et al.* v. *White & Hammond, Exrs.*, 63 Vt. 158; 2 Sto. Eq. Jur., s. 1,520; *Tabor* v. *Cilley*, 53 Vt. 487.

The rights of third parties have intervened. *May* v. *Adams*, 58 Vt. 74; *Barnes* v. *Camack*, 1 Barb. 392; *Baker* v. *Belknap*, 27 Vt. 700.

Equity will not reform a deed so as to embrace new subject

matter. *Glass* v. *Hurlburt*, 102 Mass. 2 ; *Elder* v. *Elder*, 10 Me. 80.

The opinion of the court was delivered by

START, J.   The oratrix and defendant Johnson, on the 5th day of February, 1877, made an agreement by which she was to loan him seven hundred dollars and take as security therefor a mortgage of all his real estate.   They applied to the town clerk of Chester to draw the mortgage and understood that it covered all the real estate then owned by Johnson, but by mistake the town clerk omitted from the description thereof one undivided half of a store.   The mistake was not discovered until 1884.   On the 23d day of December, 1878, Johnson's assignee in insolvency sold the property agreed to be mortgaged to Elmer D. Keys and N. R. Bardy, subject to the oratrix's mortgage.   At the time Keys and Bardy made the purchase, they understood that the mortgage covered the entire property.   In 1879 the oratrix obtained a decree of foreclosure against Johnson, Keys and Bardy.   The property was not redeemed and the oratrix went into possession of all the premises owned by Johnson at the time the mortgage was executed and continued in the exclusive possession of the same until November 15, 1891, when defendant White, without the knowledge of the oratrix, moved into the tenement over the store.   On the 9th day of April, 1891, Keys and Bardy conveyed the store property to defendant White.   After the mistake in the oratrix's mortgage was discovered it was a subject of conversation in the neighborhood.   White heard the rumor in regard to the defect in the oratrix's mortgage before he purchased the premises and he knew that the oratrix was in possession claiming title.

The power of the court of chancery to reform a mortgage so as to include land agreed to be mortgaged but omitted from the description therein by mutual mistake is not ques-

tioned, and a mortgage may be so reformed as against subsequent purchasers of the omitted land unless it appears that they are *bona fide* purchasers for a valuable consideration without notice. *Blodgett et al.* v. *Hobart et al.*, 18 Vt. 414; *May* v. *Adams*, 58 Vt. 74. Keys and Bardy and defendant White cannot be regarded as such purchasers. Keys and Bardy made their purchase understanding that the oratrix's mortgage covered the entire property and White knew at the time he made his purchase that the oratrix was in possession claiming title. He also knew of the rumor in circulation that there was a mistake in her mortgage, and if he did not know just what the mistake was it is his own fault; he heard sufficient to put him upon inquiry.

The parol testimony received subject to the defendants' exception was properly admitted and considered by the master upon the question of whether there was a mistake in fact, and upon the question of whether defendant White was a *bona fide* purchaser without notice. *Tabor* v. *Cilley*, 53 Vt. 487.

The oratrix has not slept upon her rights for an unreasonable time. The transaction has not become obscure so that it is difficult to do entire justice in the premises. The parties to the original transaction are living and the proof is full and clear. Defendant White has not been prejudiced by delay on the part of the oratrix in asserting her claim to the premises in question. He acquired his claimed title in 1891 with knowledge of the oratrix's claim to and possession of the property. Keys and Bardy took their title and allowed the time of redemption to expire, understanding that the oratrix's mortgage covered the property she now claims; and they and all others interested in the property allowed her to take possession of the entire property after the time of redemption had expired and to continue in the uninterrupted possession of it without making any specific claim to it until 1891. Under these circumstances it would be inequitable to

deny the oratrix relief. See the case of *King et al.* v. *White & Hammond, Exrs.*, 63 Vt. 158, and the cases there cited.

Defendant White cannot now be heard upon the question of whether Keys and Bardy should have been joined as defendants. He has made no such claim in his answer; the question is raised for the first time in this court. As a general rule, want of parties cannot be insisted upon at the hearing if not insisted upon in the answer. *Bank of Bellows Falls* v. *Rutland and Burlington R. R. Co.*, 28 Vt. 470.

When the want of parties is not insisted on before the final hearing the court will proceed and give such relief as the orator is equitably entitled to, if it can do so without bringing in other parties. *Cannon et al.* v. *Norton et al.* 14 Vt. 178. In this case full relief can be given without the presence of Keys and Bardy. The oratrix does not seek a personal judgment against anyone; she seeks to reform and foreclose her mortgage. Keys and Bardy have parted with their entire right and title in the premises and they are not necessary parties. *Miner* v. *Smith*, 53 Vt. 551; *Barton* v. *Kingsbury*, 43 Vt. 640.

*The pro forma decree of the court of chancery is affirmed and cause remanded.*