HERRINGTON v. LOWMAN et al.

(Supreme Court, Appellate Division, Third Department. Nov. 10, 1897.)

CLAIM OF DECEDENT—SETTLEMENT BY WIDOW.

> Where C. died, leaving a widow and child, but no creditors, settlement by the widow of a claim against L. by an instrument purporting to be a settlement between L. and C. of all their accounts, being known of by the child on the day it was made, and not objected to till the claim was, 30 months thereafter, asserted by the child as administratrix, will prevent recovery thereon.

Appeal from judgment on report of referee.

Action by Edith Herrington, administratrix of John Van Campen, deceased, against Edward M. Lowman and others. From a judgment for plaintiff on report of referee, defendants appeal. Reversed.

John Van Campen died on May 28, 1889, intestate, leaving his widow, Susan Van Campen, and daughter, Edith Herrington, his only next of kin. He left

no creditors.   He had an unsettled account with one Jacob Lowman, and on
June 9, 1889 (no letters of administration having been issued), the widow as-
sumed to settle this account; and, a balance of $83.14 having been found due
the estate of John Van Campen, that sum was paid by said Lowman to said
Susan Van Campen, and the following paper was drawn and executed:

"Lowmanville, N. Y., June 10, 1889.

"Settlement made between Jacob Lowman and John Van Campen of all ac-
counts from March 4, 1864, to the present time, with a balance of $83.14 due
John Van Campen's estate.   Received payment.      Mrs. Susan Van Campen."

Aside from the claim against Lowman, John Van Campen left a small
amount of household furniture, an old wagon, and some small accounts, which
appear to have been disposed of by the widow and daughter prior to the grant-
ing of letters of administration to the plaintiff.   The plaintiff knew of the set-
tlement made by her mother with Lowman the same day it was effected, but
testified that she had no such knowledge until after it was done, and that she
did not authorize the transaction.   It was not shown that, when informed of the
settlement, the plaintiff made any objection thereto.   Jacob Lowman died on
April 9, 1891.   On February 9, 1892, the plaintiff obtained letters of adminis-
tration on the estate of John Van Campen, and commenced a proceeding to re-
cover on the account against Jacob Lowman, which Susan Van Campen had
assumed to settle for $83.14, by presenting a claim therefor to the executors
of Jacob Lowman, deceased, and, on its rejection, obtaining a reference under
the statute.   The referee found in favor of the plaintiff, and afterwards judg-
ment was entered on his report for the amount of damages so found, as modi-
fied by the court below, viz. for $299.57, together with interest and costs.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-
WIN, and PUTNAM, JJ.

Baldwin & Baldwin (E. J. Baldwin, of counsel), for appellants.
Reynolds, Stanchfield & Collin (John A. Reynolds, of counsel), for
respondent.

PUTNAM, J.   On the death of John Van Campen, his widow and
daughter undertook to settle his estate without taking out letters
of administration.   As there were no creditors, they could do this.
The personal property left by the deceased descended to them as ten-
ants in common.   Hyde v. Stone, 7 Wend. 354–357; Wormuth v.
Hale, 17 Wkly. Dig. 180.   Family arrangements by which estates
have been settled and divided, and under which property has been
transferred by the next of kin, without obtaining letters of adminis-
tration, where the rights of creditors were not concerned, have been
sustained.   See the cases above cited, and Babbitt v. Bowen, 32 Vt.
437: Weaver v. Roth, 105 Pa. St. 408; Ledyard v. Bull, 119 N. Y. 62,
23 N. E. 444.   The testimony in the case shows that after the death
of John Van Campen the plaintiff and her mother, the only next of
kin of the deceased, sold and divided between themselves the small
amount of furniture and personal property belonging to his estate,
except the account with Jacob Lowman, and that account was settled
as above stated.   The claim was owned by the widow and the plain-
tiff as tenants in common.   It appears from the testimony in the
case that the plaintiff knew before the settlement was made that par-
ties representing her mother and Lowman were figuring up the ac-
counts.   She knew that her mother had made a settlement the same
day it was effected, and the amount paid.   Her mother told her she
had received $83 in settlement of that account.   She told plaintiff

that, because she had settled. When informed of the settlement, she made no objection. She never afterwards made any demand of Lowman, or said anything to him on the subject, although he was a neighbor, and lived for about 2½ years after the transaction.. The widow had the books of John Van Campen on the settlement, and, after that transaction, delivered them to the plaintiff; telling her to take care of them, and do what she wanted with them. Although the plaintiff testified that she did not know of the settlement until after it was made, and did not authorize it, we are inclined to doubt as to whether, under the facts and circumstances shown, the referee should not have found that the settlement was made with the knowledge and consent of the plaintiff. Knowing on the very day of the transaction that her mother had assumed to settle the account they together owned, and had received $83.14 from Lowman thereon, if she objected it was her duty to speak,—to repudiate the arrangement. Instead of doing that, she rested in the matter 2½ years, until Lowman died. The court below, speaking of the settlement made by Mrs. Van Campen, said:

"If she had assumed to act for her daughter as well as for herself, I should readily find a ratification by the daughter, such as to make the settlement complete. In the absence of creditors, I am satisfied that the settlement with the next of kin would be a valid settlement. But one cannot ratify an act which was not done in her behalf. The settlement, having been made by the widow alone, and not in behalf of the daughter, was not, therefore, a settlement which was the subject of ratification."

I am inclined to believe that a different view should be taken in regard to this settlement. The paper signed purports to be a "settlement made between Jacob Lowman and John Van Campen." Mrs. Van Campen, then, assumed to represent the estate of John Van Campen, and necessarily bound herself and her daughter, to whom the estate had descended. From the paper itself, and from the other facts shown in the case, it might well be inferred that the settlement in question was made by Mrs. Van Campen, on account of the estate of her deceased husband, with the knowledge and consent of her daughter. For the reasons suggested, .I am not clear as to the correctness of the conclusion of the referee in holding that the settlement between Jacob Lowman and Susan Van Campen was not a bar to the action. But without passing upon this finding of the referee, and assuming that he was authorized, under the evidence in the case, to determine that the rights of the plaintiff as next of kin were not affected by the settlement and receipt in question, I think such settlement should have been allowed to stand, as against the share of the widow in the estate. When the arrangement was made the widow was the owner of an interest in the claim against Lowman. She could sell that interest, and hold as her own what she received for it. If she could sell to a third party, she could sell to Lowman, by giving him a receipt for it. The transaction should be deemed an equitable assignment of her interest in the claim. "In the absence of creditors, an administrator is a mere trustee for the next of kin, charged with the sole duty to collect, convert, and distribute the estate among the beneficiaries according to their respective inter-

ests." Ledyard v. Bull, 119 N. Y. 72, 23 N. E. 446. The plaintiff, as trustee for her mother, if entitled to recover any sum, should not be allowed to collect what her mother has, by a valid settlement, released. She should only be permitted to have judgment for her own interest in the account, not released. See Wormuth v. Hale, supra. It is suggested by the learned court below that an equitable offset for the amount paid by Lowman to Susan Van Campen cannot be allowed against her interest in the account in question, because she is not a party to the action, and therefore her rights cannot be passed upon. I am unable to agree with this view. It is the right of the widow in the account in question that is to be affected. The plaintiff, as administrator, is her trustee, and represents her in the action. The plaintiff suing as trustee for Susan Van Campen and herself, if the judgment from which the appeal is taken should stand, a portion of the recovery would belong to her mother. It cannot be held that in an action by the plaintiff, as trustee, to recover money for Susan Van Campen, the latter is not represented. No fraud on the part of Lowman in procuring the settlement in question being shown, and no sufficient evidence of mistake, the recovery should be reduced in an amount equal to the interest of Susan Van Campen in the claim in suit.

I conclude that the judgment should be reversed, the referee discharged, and a new trial granted; costs to abide the event. But a majority of the court are of the opinion that final judgment in favor of the defendant should be awarded, with costs and disbursements, and hence judgment is directed accordingly. All concur.