FRANK H. KIMBALL v. NEW YORK LIFE INSURANCE COMPANY.

November Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 15, 1920.

*Evidence Informally Offered—Effect of Decree in Case Between Same Parties—Life Insurance Policy—Indorsement May Be Contradicted or Explained—Conclusiveness of Judgment Not In Rem.*

1. Where it appears that counsel and court undertook to get at the matter in question in an informal way without regard to the pleadings or regular course of procedure so as to send the case up on the merits alone, it is immaterial that excluded evidence was offered on cross-examination.

2. The decree in a chancery case between the same parties, denying the company's prayer to have the indorsement upon the policy in question corrected upon the ground of mistake, did not preclude the company from contradicting the indorsement in an action at law brought on the policy.

3. The indorsement, which extended the policy beyond the death of the insured, not being provided for nor required by the policy, is not a contract, and is nothing more than an admission; and, since the policy itself provides the term of extended insurance, the company could explain or contradict the indorsement, unless by its conduct and reliance thereon by the insured it was estopped from so doing.

4. A judgment that is not *in rem* is never conclusive except upon the very matter in judgment and between the same parties or their privies, either in blood or estate.

ACTION OF CONTRACT on a life insurance policy. Heard by the Court at the March Term, 1919, Chittenden County, *Fish*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*James M. McIntosh* and *Theo. E. Hopkins* for the defendant.

The plaintiff is not barred from interposing a legal defence by reason of the fact that it first sought a remedy to which it was not entitled. *Dietrich* v. *Hutchinson*, 81 Vt. 168; *Priest* v. *Foster*, 69 Vt. 417; *Hartland* v. *Hackett*, 57 Vt. 92; *Bank* v. *Taylor*, 66 Vt. 574; *Johnson* v. *Worden*, 47 Vt. 457; *Root* v. *Lord*, 23 Vt. 568; *Cunningham* v. *Thompson*, 111 Mass. 270; *Holbrook* v. *Quinlan*, 84 Vt. 411; *Oben* v. *Adams*, 89 Vt. 158; *Bartlett* v. *Bonazzi*, 91 Vt. 192; *Clark* v. *Heath*, 8 L. R. A. (N. S.) 144; *Harrell* v. *Davis*, 22 L. R. A. (N. S.) 1153.

The burden is on the party setting up estoppel to show affirmatively that he has relied on the conduct of the party against whom he invokes the doctrine of estoppel, and has been induced by it to act or refrain from doing so. *Drouin* v. *B. & M. R. R.*, 74 Vt. 34; *Wells* v. *Austin*, 59 Vt. 157; *Wakefield* v. *Crossman*, 25 Vt. 298; *Royce* v. *Carpenter*, 80 Vt. 37; *Earl* v. *Stevens*, 57 Vt. 474; *Thrall* v. *Lathrop*, 30 Vt. 307.

*Edmund C. Mower* and *Charles H. Darling* for the plaintiff.

MILES, J.   This action is brought to recover upon an insurance policy.   The case was tried by the court at the March Term of the Chittenden county court, 1919.   Upon the trial the defendant admitted the execution of the policy and its delivery, the death of the insured, and that proof of the same was made according to the terms of the policy and the rules and regulations of the company; but objected to the admission of the indorsement upon the policy, which extended the life of the policy beyond the death of the insured.   The plaintiff then produced evidence of its execution and the same was received without objection.   The defendant then offered to show that the indorsement extended the life of the policy beyond the date to which the insured was entitled under the terms of the policy, and that in fact the policy had expired at the time of the death of the insured, and was at that time not in force.   The offer was excluded subject to the defendant's exception, and judgment was rendered for the plaintiff to recover of the defendant $1,765.18 damages and costs.

With the concessions made upon the trial, all that was necessary for the plaintiff to prove in order to entitle him to recover was that the policy was in force at the time of the death of the insured.   To establish this fact the plaintiff relies wholly

upon the indorsement, and while he does not deny that the offered proof would defeat his right to recover, if received and believed, he contends that it is not admissible because it was offered in cross-examination, and that no error was committed by the court in excluding it at that time.

[1]   The case clearly shows that the excluded evidence was offered, not only as cross-examination, but also as a matter of right to contradict the force of the indorsement and to show the character of the extended insurance to which the policy was in fact entitled.   But whether it was so offered is of no consequence.   The course of the trial was such as fairly to show that the counsel and court undertook to get at the matter in an informal way without regard to the pleadings or regular course of procedure, so as to send the case to the Supreme Court on the merits alone.   They treated the case as though the pleadings covered any phase of it that might arise, and the court sent up the question of the admissibility of the evidence offered and nothing else.

[2]   The plaintiff also contends that the offered evidence was not admissible, because we held in the case when it was before us on the appeal in chancery, that the mistake could not be corrected in that proceeding.   But the plaintiff misconstrues the holding in that decision.   The question there raised was, not whether the evidence now offered would constitute a defence to the plaintiff's present claim, but whether there was any equity in the bill, and we held that the bill disclosed no facts that entitled the defendant to equitable relief.   It was not held that the policy was in force at the time of the death of the insured; but it was merely held that the indorsement was not a contract, that it was unilateral, and the mistake alleged lacked mutuality and was made through the company's negligence.   It was not there decided that the company could not contradict the indorsement in an action at law, nor was it intimated that the company did not have an adequate remedy at law.

[3]   The indorsement is not a contract and is nothing more than an admission.   It has no more force in evidence than it would have had if it had been upon a separate piece of paper referring to the policy, or had been a letter sent to the insured. It is not provided for nor required by the policy.   It is in the same class with a receipt for money.   The policy provides the term of extended insurance and requires no indorsement upon

it to give effect to that provision. The insurance company could properly be allowed to explain or contradict it, unless by its conduct and reliance thereon by the insured it was estopped from so doing. No estoppel being presented by the record, no question is presented for consideration in that regard. *Brown* v. *Mudgett,* 40 Vt. 68; *Lockwood* v. *White,* 65 Vt. 466, 26 Atl. 639.

[4] The plaintiff further claims that the decision in the chancery case established the law of the case. But that is not so. A judgment that is not *in rem* is never conclusive except upon the very matter in judgment and between the same parties or their privies, either in blood or estate. *Nason* v. *Blaisdell,* 12 Vt. 165, 36 Am. Dec. 331. The very question here raised was not decided in the chancery case. So much of the offered evidence as tended to meet and explain the indorsement and show that the policy had expired before the death of the insured was admissible, and it was error to exclude it.

*Judgment reversed, and cause remanded*