ABEL D. BENT V. F. B. PHILBRICK, *et al.*

1. VERDICT; *Finding Upon Particular Questions of Fact.* Under chapter 91 of the laws of 1874, either party may request of the court to submit to the jury a question as to a particular fact, and if the fact be involved in the issues, and material to the controversy, the court has no discretion, but must submit the question and require the jury to answer.

2. PLEADING; ISSUE; *Reply; Waiver.* Where the record fails to contain any reply to an answer alleging new matter, but the case was tried by both parties without any objections on the account of the want of a reply, and as though a reply had been filed, this court will treat the case in the same way.

### *Error from Butler District Court.*

ACTION by *Bent* as plaintiff, against *Philbrick* and wife, to foreclose a mortgage. Trial at the August Term 1874. Verdict and judgment in favor of the plaintiff for $596. The amount claimed by plaintiff was $650, with interest, protest damages, and protest fees. And because the verdict and judgment were too small, plaintiff brings the case here on error. The facts and proceedings are stated in the opinion.

*Pryor & Kager*, for plaintiff.

*H. T. Sumner*, and *A. J. Miller*, for defendants.

The opinion of the court was delivered by

BREWER, J.: This was an action to foreclose a note and mortgage. The note was payable to Brown Bros., was indorsed by them to one R. B. Waite, and by him to the plaintiff. All this, as admitted by the pleadings, took place before maturity. The answer, admitting that $500 was due, (that being the amount actually borrowed and received by defendants,) and offering a judgment, alleged that the balance of the note, $150, was for illegal and usurious interest, and that the plaintiff "took and received said note with full and complete knowledge of the nature and terms of said usurious and illegal contract." As no reply appears in the record, it

would seem as though there were nothing to try, and that
the court, upon the pleadings, should have entered judgment
for the $500 and twelve-per-cent. interest. (Laws of 1872,
p. 284, §§ 1 and 2.)   But the case was tried by both parties
as though the allegations of new matter in the answer were
denied; and we shall take the case upon that basis, as in our
judgment, upon that basis, there was such error as requires
a reversal.   If there really be no reply on file, the trial court
can in its discretion permit the filing of a reply upon such
terms as may be just and proper.

Counsel for plaintiff in error call our attention to a dozen
or more matters in which they claim the court erred.   It is
unnecessary for us to notice all these in detail.   It is obvious
that, upon the supposition that the reply was a simple denial,
the defendants were called upon to establish two propositions
—first, that the amount of the note in excess of $500 was for
illegal and usurious interest, and second, that the plaintiff
bought with knowledge.   And testimony which tended to
prove either fact was competent, irrespective of the question
whether the other fact were proven or not.   Counsel on the
trial objected to the admission of a good deal of testimony
tending to prove the first fact, as incompetent, because the
second fact was not proved; and now present these matters to
this court as points of error.   It seems unnecessary to more
than state the facts to show the correctness of the ruling.

Again, counsel insist that the court improperly permitted
the jury to separate during the progress of the trial.   As it
does not appear that they were permitted to separate except
during the intervals of the session of the court, and before
retiring to consider of their verdict, it is difficult to see
wherein there was any improper separation.

It appears that in addition to the general verdict the plain-
tiff requested the court to submit to the jury certain questions
of fact, and require answers thereto.   This the court refused.
It seems to us that these questions were pertinent and appro-
priate, and should have been submitted.   The first ran di-
rectly to the point of plaintiff's knowledge of the usurious

contract at the time of receiving the note. This was one of the essential matters in dispute; and a specific question in reference thereto the court had no discretion to refuse. The law in force at the time is to be found in ch. 91 of the Laws of 1874. That provides that, "in all cases the jury shall render a general verdict; and the court shall, in any case, at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same." This does not give a discretion to the court, but a right to the parties. We do not of course understand the law as compelling the court to submit every question presented, even though irrelevant, immaterial, or frivolous; but where a question is submitted as to a particular fact which is pertinent to the issues, and necessarily to be determined by the jury, the court has no discretion to refuse. *L. L. & G. Rld. Co. v. Rice,* 10 Kas. 426. For this error the judgment must be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.