Foster v. Turner.

---

## JOHN FOSTER v. WILLIAM TURNER.

1. PARTICULAR, NOT GENERAL, *Questions of Fact, to be Submitted to Jury.* In a case tried by the court and a jury, either party may request the court to direct the jury to find upon particular questions of fact; but such party should himself state the particular facts with reference to which he wishes the jury to find, leaving the jury merely to give answers with reference to such facts; and generally such party should not expect the court to direct the jury to find with reference to facts not stated particularly by the party himself. And generally the court may in its discretion refuse to require the jury to state new facts showing why it finds in a particular way upon some very general question of fact stated by one of the parties.

2. INSTRUCTIONS *After Argument, Nature of.* Under § 275 of the civil code, the court should instruct the jury before the argument is concluded, and

not afterward. The argument of counsel, however, and indeed other things, may sometimes justify particular instructions afterward. But instructions given afterward should not go beyond what is fairly authorized by the argument of the counsel or by some other good reason.

3. JURY—*Charge During Deliberation.* After a jury has retired for the consideration of its verdict, and pending its deliberations, it may sometimes ask for further explanation or information, and the court may sometimes rightfully give the same; but the court would not in any case be justified in giving another full, complete and different charge to the jury upon any of the material questions involved in the issues of the case.

### *Error from McPherson District Court.*

THE opinion states the nature of the action, and the facts. January 12, 1882, verdict and judgment for defendant *Turner.* The plaintiff *Foster* brings the case to this court.

*J. G. Mohler,* for plaintiff in error.

*Barker & Pancoast,* and *Simpson & Bowker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by John Foster against William Turner on a promissory note for $100, and a real-estate mortgage securing such note. The defendant answered, setting forth that the plaintiff was an attorney at law; that the defendant employed him to attend to certain legal business for the defendant; that in consideration for the anticipated services of the plaintiff in such business, the defendant gave the plaintiff $50 in cash and the note and mortgage sued on; that the plaintiff wrongfully, negligently and fraudulently attended to such business, and finally abandoned the same, to the damage of the defendant in the sum of $2,200. The defendant prayed that the note and mortgage be adjudged to be without consideration and null and void, and for an affirmative judgment in favor of the defendant and against the plaintiff for the sum of $2,200 as damages. A trial was had before the court and a jury, which resulted in a verdict in favor of the defendant and against the plaintiff for the sum of $780.75. A motion for a new trial was then made by the

plaintiff upon nearly all the statutory grounds, and pending this motion the defendant remitted all the damages awarded to him except those awarded him on account of the payment of said $50, with the interest thereon, amounting, principal and interest, to the sum of $52. The motion for the new trial was then overruled by the court, and judgment was rendered in favor of the defendant and against the plaintiff for $52 and costs. To reverse this judgment the plaintiff now brings the case to this court.

The principal alleged errors are as follows: *First,* the refusal of the court to submit to the jury for their consideration certain particular questions of fact; *second,* the giving to the jury certain instructions after the argument of the case had been concluded; *third,* the giving to the jury certain instructions after the jury had retired to consider of their verdict, and pending their deliberations.

I. We can hardly say that the court below committed any material error in refusing to submit to the jury the particular questions of fact which the plaintiff asked to have submitted, and which the court refused to submit.

The plaintiff requested the court below to submit to the jury the following, among other questions: "4. Did the said plaintiff manage the case honestly and faithfully? 5. If the above question is answered in the negative, then state particular acts showing the unfaithfulness of the said plaintiff in managing the case."

The court submitted the first of the above-cited questions, but refused to submit the question numbered 5; and of this the plaintiff complains. At one time, § 286 of the civil code required that the trial court, at the request of either party, should "direct the jury to find a special verdict in writing upon all or any of the issues in the case;" and upon a like request to direct the jury to find a general verdict and special findings, such as is authorized at the present time. (Laws of 1870, ch. 87, § 7.) But in 1874, special verdicts were abolished, (Laws of 1874, ch. 91, § 1,) and the present statute upon the subject was adopted, which reads as follows:

" In all cases the jury shall render a general verdict, and the court shall in any case, at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same." (Civil Code, § 286.)

Now if the jury were required to answer said question numbered 5, would it not be requiring them to find a special verdict upon one "of the issues in the case" as was required by § 286 of the civil code before it was amended in 1874? And if so, would it not be requiring them to do just what the legislature has said by the act of 1874 need not be done? If the plaintiff has a right to require that this be done, then may he not require that questions be put in the following form: "Is the plaintiff entitled to recover in this action? If the above question be answered in the negative, then state all the particular facts of the case, and all the particular acts of the parties showing or tending to show that the plaintiff is not entitled to recover." Under § 286 of the civil code, as it read from 1870 up to 1874, the jury themselves were required to prepare in writing and render the special verdict which they might agree upon, without any aid from either of the parties, just as a court is now required, under § 290 of the civil code, to prepare and deliver its own special findings, without the aid of either of the parties. But under § 286 of the civil code, as it now reads, and as it has read read since 1874, the jury are not required to do anything except to render a general verdict, and in connection therewith to make findings "upon such *particular* questions of fact" as are stated in writing by one or both of the parties, and as requested by such party or parties. In other words, the old law with respect to special verdicts required that the jury should make their own statements of facts, but the present law with reference to special findings by the jury requires that the parties shall make the statements of the facts; and all that the jury are required to do is merely to give answers with reference to such facts as they are stated by the parties.

Now a court might not err materially in submitting gen-

eral questions of fact to the jury, leaving the jury to give particular answers thereto, and leaving the jury to state the particular facts themselves; but what we wish to say is, that the court is not bound to do so; and particularly it is not bound to submit to the jury such very general questions of fact as will require the jury themselves to state new facts not particularly mentioned in such general questions. The question as to how *general* or how *particular* the questions of fact to be submitted to the jury in any particular case should be, rests very largely in the sound judicial discretion of the trial court; but of course such questions of fact should be sufficiently particular so that they might fairly be denominated "particular questions of fact" within the meaning of said § 286 of the civil code. We think it is also true that the jury, in giving answers to "*particular* questions of fact," may sometimes be required to state facts themselves, to the extent of giving amounts, dates, weights, sizes, speed or velocity, time, distances, etc., and of designating between alternative facts, and perhaps sometimes of giving other facts which do not now occur to us; but all such answers have relation to the facts already mentioned in the "*particular* questions of fact" stated by the parties, and not to new facts to be stated by the jury themselves in answer to some very general question of fact. Now said question 5 hardly comes within the provisions of the statute. It does not state the facts and ask that the jury shall find with reference to them, but it asks that the jury themselves shall state the facts showing why they have found in a particular way upon a certain other very general question of fact propounded by the plaintiff. Now we do not think that the trial court is bound to submit to the jury any such questions, and therefore in this particular we do not think that the trial court erred. It is possible, however, that the trial court may have erred in refusing to submit to the jury some of the questions which the plaintiff requested the court to submit, as some of them were not as objectionable as the one we have specifically referred to. (*Bent v. Philbrick*, 16 Kas. 190; *Johnson v. Husband*, 22

id. 277, 282; *A. T. & S. F. Rld. Co. v. Plunkett*, 25 id. 189, 198; *City of Wyandotte v. Gibson*, 25 id. 236; *A. T. & S. F. Rld. Co. v. Ferry*, 28 id. 686.) But if the court did err in this particular, we would still think that the subsequent proceedings had in the case rendered these errors immaterial.

II. The plaintiff also claims that the court below erred in giving instructions to the jury after the argument of the case had been concluded. Now prior to 1881, § 275 of the civil code provided that the court should instruct the jury after the argument of the case had been concluded; but in 1881 this section of the code was so amended that the court was thereafter required to give its instructions to the jury prior to the commencement of the argument; and this was the only amendment made by the legislature to the section at that time. Hence the legislature evidently intended that this new provision should be obeyed. Of course the court, for good reasons, or with the consent of the parties, may adopt some different order for the progress of the trial. Thus, where counsel in the argument of the case discuss some new point of law not previously presented by the trial court to the jury, or where counsel in the argument make some erroneous statement with regard to the facts, the evidence, or the law of the case, the court may in some cases be justified in instructing the jury with reference to these new matters after the argument has been concluded. (*Kellogg v. Lewis*, 28 Kas. 536.) And there may be other cases where the trial court would be justified in giving new instructions to the jury after the argument has been concluded. But ordinarily the court should give all its instructions prior to the commencement of the argument. And ordinarily, if counsel should go astray during the argument, the court should stop them at the time, and not permit them to proceed in the objectionable manner. In the present case, a part of the instructions given to the jury after the argument was concluded, and before the jury retired to consider of their verdict, was probably not erroneous, as it was in answer to a comment made by counsel for the plaintiff upon certain questions of law which had not at that

time been presented to the jury by the court, and which neither such party nor his counsel had asked the court to present to the jury. But the court went beyond what this comment of counsel would authorize. The court at that time, and probably without sufficient reasons, instructed the jury, among other things, as follows:

"There is one finding I will mention now, the very last one. This is under the head of what items you will allow Mr. Turner if you find fraud on the part of Mr. Foster. I have inserted the items one, two and three, which you may find (as I have told you in my instructions). I will say on this point, that you may not be misled, you may allow all of those items or none of them, as you see fit, if you find the fraud proven."

This is a general instruction that should have been given, if given at all, before the argument was commenced.

III. We think the court also committed error in giving instructions after the jury had retired to consider of their verdict and pending their deliberations. It gave full instructions with reference to the whole question of damages upon all the various items claimed by the defendant, and it gave these instructions in a way that might have led the jury to believe that they should certainly find damages of some kind in favor of the defendant and against the plaintiff. It did not even intimate that if the plaintiff faithfully performed all his duties with regard to the legal business intrusted to his care by the defendant that no damages of any kind should be allowed, and that the plaintiff should recover the full amount of his note and mortgage, but simply seemed to take it for granted that the jury must find damages of some kind in favor of the defendant and against the plaintiff. In giving these instructions, the court used the following, among other language:

"There are two kinds of damages that I have mentioned, and which the defendant William Turner is entitled to recover for on his answer: they are what we call direct or compensatory damages, and exemplary damages."

The court then instructed the jury largely with reference

to damages for the alleged fraud of the plaintiff, and then said :

"If you find no fraud, only find a lack of skill, care and diligence on Foster's part, then a different rule will apply. You will then allow Turner only such as will make him whole, and that would be in this case, if the testimony shows that he employed other attorneys to do that which Mr. Foster by his lack of care, skill and diligence has failed or omitted to do, such reasonable amount he has so expended. You would in this event allow Mr. Foster his agreed or reasonable fee, and deduct the amount so expended from it.

"But again, this answer says he abandoned this suit, and refused to perform his duty. Under that head damages will be exactly the same as under the lack of care, skill and diligence. But should you find this fact, that Mr. Foster has abandoned this suit and his duties to Mr. Turner by reason of an employment by Mrs. Young, and that that employment is antagonistical to the rights of and his duties to Mr. Turner, then that would be such a flagrant breach of his duties as would forfeit all his rights to compensation. Mark you, if he so abandoned the employment of Mr. Turner — abandoned this law suit, and was employed by Mrs. Young, and attended to her case in matters which were antagonistical to Mr. Turner's interests in the case of Neisley v. Turner, that would be such a flagrant breach of duty to Mr. Turner that he ought not to recover any compensation whatever for what he might have done for Mr. Turner before such abandonment.

"Now that is all the ways that I can think of that the question of damages can arise in your minds under the evidence in this case.

"You can take the question of fraud first — that covers all the rest; if you don't find that, then come down to these others, and determine what you shall find under them."

Of course we think there are cases where a jury after retiring may ask for further explanation or information, and where the court may rightfully give such explanation or information; but we do not think that the court would be justified in any case in giving another full, complete and different charge to the jury upon nearly all, or even some, of the material questions involved in the issues of the case. Of course the court did not intend to give anything new in its

instructions, or to state them differently from what it had previously done in its general charge; but still we think the subsequent instructions were more unfavorable to the plaintiff than the general charge was. They were given in a way, as we think, to mislead the jury, and to leave the jury to infer that they must find something in favor of the defendant and against the plaintiff.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.