THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. GEORGE LAUTERBACK.

#### No. 310.*

RAILROADS—*Compensation for Right of Way*—*Statute of Limitations.* An action against a railroad company to recover compensation for all damages sustained by reason of the permanent taking and appropriation of the right of way must be commenced within five years from the date of such permanent appropriation.

Error from Sedgwick district court ; C. REED, judge. Opinion filed August 15, 1898.   Reversed.

*A. A. Hurd,* and *Fred. W. Bentley,* for plaintiff in error. *Sankey & Campbell,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was commenced on the 3d day of February, 1898, in the district court of Sedgwick county by defendant in error against the plaintiff in error; to recover compensation for damages which defendant in error had sustained by reason of the permanent appropriation of certain land belonging to him by plaintiff in error.   Many errors are discussed and elaborate briefs have been filed by both parties.   In this opinion we discuss only one error, which is decisive of the case.   Is the cause of action barred by the statute of limitations?   This is the vital question.

It is alleged in the petition '' that the defendant has appropriated, and had at the time the original petition herein was filed, and ever since that time, and for more than six years prior thereto, a portion of plaintiff's land to its own use and for the use of said railroad.''

---

*Petition for order to certify denied by supreme court October 10, 1898.—REP.

The jury found in answer to special questions 1 and 11 as follows :

"Q. 1. Is it not a fact that the railroad in question was constructed and operation thereof commenced over and across the plaintiff's premises prior to the 1st day of December, 1886?   A. Yes."

"Q. 11.  Do you find that the right of way across the plaintiff's premises was permanently appropriated in the year 1886 by any railway company?   A. Yes, continuously."

In the case of *W. & W. Rld. Co. v. Fechheimer*, 36 Kan. 45, 12 Pac. 362, the supreme court said :

" Where a railroad company enters upon land and constructs its road without the consent of the landowner, and without making compensation for the land taken and injured, the owner may pursue any one of the several appropriate remedies, and may, where the road is in its nature, design and use of a permanent character, elect to bring an action for a permanent appropriation and injury ; but in such a case it should appear that the verdict and judgment include damages for the entire injury ; and it should also clearly appear from the pleadings, or from the evidence, findings, and judgment, what interest in the land the owner has parted with, and also what interest has been acquired by the company."

In the case under consideration the defendant in error elected to bring an action for a permanent appropriation and injury more than six years after the road was constructed and in operation.   In the case of *Cohen v. St. L. Ft. S. & W. Rld. Co.*, 34 Kan. 158, 8 Pac. 138, the court said :

"Where a railroad company has constructed and is operating its railroad through a piece of land belonging to another, without having obtained a right of way by any formal condemnation proceedings, and without having procured any title to the land over which it operates its railroad or any easement therein,

Railroad Co. v. Lauterback.

the owner of the land may waive formal condemnation proceedings and all formal modes of transfer, and elect to regard the action of the railroad company as taking the property under the right of eminent domain, and may commence an ordinary action to recover compensation for all the damages which he has sustained by reason of the permanent taking and appropriation of the right of way by the railroad company.''

If this is an ordinary action to recover compensation for all damages which he has sustained by reason of the permanent taking and appropriation of the right of way, when should it have been commenced? Can the injured party wait, with full knowledge of the appropriation, and elect to commence his action at any time, say six, ten or twelve years, after his land has been appropriated? We cannot consent to this interpretation of the law. There is no hardship in requiring parties to commence their actions, criminal or civil, within certain reasonable periods. If they stand inactive and permit their claims to be barred, it is not the law that is responsible for the hardship entailed. More than five years elapsed between the time of the permanent appropriation in 1886, as found by the jury, and the commencement of this action. Under section 12, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4095), the cause of action is barred.

The judgment of the district court is reversed.