St. Louis & San Francisco Railway Company v.
William Vance.

**No. 466.**   (58 Pac. 233.)

1. Practice, Courts of Appeals—*Findings of Jury Conclusive.*
Findings of fact by a jury upon conflicting evidence are conclusive
in this court.

2. Railroads — *Injury to Stock — Instructions.*   The action of
the court in recalling the jury and giving a further instruction re-
specting the value of the animals, for the alleged killing of which
by an engine of the defendant company the plaintiff's action for
damages was brought, was erroneous, under the decision in the
case of *Foster v. Turner*, 31 Kan. 58, 1 Pac. 145; but it was error
without prejudice to the rights of the defendant, as the verdict
was for a much smaller amount than might have been awarded
under the testimony in the light of the original instructions.

3. ———— *Rejection of Testimony—Rebuttal.*   The refusal of the
court to permit the section foreman, who had testified as a wit-
ness for the defendant, and who, after the rebuttal testimony of
the plaintiff had been introduced, was recalled by the defendant
for further redirect examination, to testify in respect to a matter
concerning which he had been examined when first on the witness-
stand, held not error.

Error from Greenwood district court ; C. W. Shinn,
judge.   Opinion filed September 16, 1899.   Affirmed.

*J. W. Gleed, John L. Hunt*, and *Gleed, Ware & Gleed*,
for plaintiff in error.

*W. S. Marlin*, for defendant in error.

The opinion of the court was delivered by

Milton, J. :   Plaintiff in error seeks the reversal of
a judgment in favor of the defendant in error allowing
damages in the sum of $225, and an attorney fee of
$35, for the killing of live stock by an engine of the
railway company.   The petition alleged that the ani-
mals killed — two horses and three mules — escaped

from the plaintiff's pasture through a defective gate
in the right-of-way fence. The judgment followed
the verdict of the jury, which returned a large num-
ber of findings of fact. It appears that the gate was
properly constructed, the posts being of oak, about
eight inches square, and the fastening being a hook
and staple. It was hung on hinges, and when built,
some six years before the animals were killed, rested
against the post upon the inner side of which was the
staple to receive the hook. For a long time prior to
the date mentioned the post supporting the gate was
leaning somewhat toward the west and south, causing
the upper part of the east end of the gate to be drawn
away from the post containing the staple, thus in-
creasing the strain upon the fastening, and also caus-
ing the gate to swing open whenever unfastened. On
the morning of September 17, 1893, the gate was
standing open, the staple lying on the ground near
the post, and the animals were dead on the right
of way some distance from the gate. They were in
the pasture the previous evening, and there is noth-
ing in the record to indicate that they could have en-
tered on the right of way at any place other than at
the gate. The testimony of an apparently competent
witness tended to prove the animals to be worth more
than $400. No testimony on this point was introduced
by the defendant. The plaintiff testified that he had
in the preceding July told the acting section foreman
in charge of the section which extended through his
farm that the gate was in bad condition. He also
testified that some days before the loss of the animals
the staple had fallen out and that one of the prongs
was broken off. Another witness testified that a week
or ten days prior to the injury complained of the staple
had fallen out while he was in the act of lifting the

hook, and that to the best of his recollection a prong of the staple was broken off at that time. He drove it in with a stone. Several witnesses testified that they had known the staple to be pulled out in a similar way and that they had driven it in several times. Witnesses for the defendant testified that the break in the staple appeared to be fresh on the morning of the 17th of September. They further testified that the gate was frequently inspected and that the fastenings were always found to be in good condition. The findings of the jury upon this point are that the roadmaster of the division of the railway upon which the gate was located and the section foreman in charge of the section including the same had made inspections of the gate at various times, the latter having done so from two to four times a week for six weeks previous to September 16, 1893, and that at all such times he found the gate in apparently good condition; but in other findings the jury stated that the inspections made were " partial inspections "; that the staple in the gate-post appeared to be fast and in good condition, except upon close examination; and that the section foreman was a competent foreman, " but not in this case." The record shows that the inspections were chiefly made by shaking the gate as a test of the condition of the fastenings, but it does not appear that any great force was used in such tests. The foreman testified that he also examined the hook and staple at such times, and that he always found them in good condition. The twenty-sixth finding of fact is as follows:

" Did the horses of the plaintiff that were found dead upon the defendant's right of way go on to said right of way through the gateway in question? Ans. We suppose they did."

Some ten hours after the jurors had retired to deliberate upon their verdict the court recalled them, and over the objection of the defendant gave the following instruction, to which the defendant duly excepted :

"If the jury finds for plaintiff, it is not conclusively bound in assessing the plaintiff's damages by the opinions of the witnesses as to the value of the stock killed. While the opinions of witnesses as to the value of the stock killed are valuable in proportion to the candor, intelligence, experience and knowledge of the witnesses, yet such opinions are only to be considered in connection with the other testimony in the case, in the light of which and of its own general knowledge the jury should for itself determine the value."

It is contended by counsel for plaintiff in error that the facts in the record do not show notice to the railway company of the defect in the fastenings of the gate nor a state of facts from which an inference of knowledge on that point would arise. In our view several facts in the record are opposed to this contention, namely, the general condition of the gate caused an increased strain on the fastening and made it always swing open when unfastened ; the staple had fallen out a number of times and the attention of the acting section foreman had been called to the condition of the gate. The findings of the jury that the inspections made were partial only, and that the section foreman was not competent, "in this case," are claimed to be without support in the testimony. It is readily apparent that the testimony of the foreman to the effect that he repeatedly examined the fastenings and found them in good condition and the testimony of other witnesses that the staple had fallen out several times are difficult to harmonize, and the jury

may have adopted the view that the foreman did not make careful inspections of the fastenings.   The case turns upon very minute points of evidence, but we are unable to say that the findings just referred to are wholly unsupported.

As to the contention based upon the admission of incompetent testimony concerning the value of the animals, we think it sufficient to say that one witness showed some qualifications to testify concerning such values, and that his testimony was received without objection.   There was one objection made after he had answered a question, and the objection was overruled.   Thereafter the question was repeated, and answered without objection.

The action of the court in recalling the jury and giving a further instruction was, we think, erroneous, under the decision in the case of *Foster v. Turner*, 31 Kan. 58, 1 Pac. 145 ; but it was error without prejudice to the rights of the defendant, for the verdict returned by the jury was in much smaller amount than might have been awarded under the testimony ; and the instruction given related entirely to the testimony respecting the value of the animals.

It is also claimed that the court erred in refusing to allow White, the section foreman, to testify as . to whether or not the plaintiff.had ever called his attention to the fact that the gate was out of repair.   It appears that when White was being examined as a witness for the defendant he was asked whether or not the plaintiff had ever spoken to him concerning the condition of the gate, and that he answered in the negative.   In rebuttal, the plaintiff testified that he had called White's attention to the matter prior to the time the animals were killed.   Afterward White was recalled for further redirect examination, and was then

asked by counsel for defendant if he had made the statement testified to by the plaintiff. The court refused to permit him to answer. We are unable to see error in the ruling. Other claims of counsel do not require special mention.

The judgment of the district court is affirmed.