Filed May 27, 1895.

———————————◆———————————

No. 16,976.

THE CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.* GALEY.

RAILROAD.—*Consolidated Company.*—*Liability for Judgment in Condemnation Proceedings Against Retiring Company.*—Where a railroad company, duly organized as a corporation according to law, condemns land for a right of way, for which damages are awarded in condemnation proceeding, and, subsequently to such proceedings, such railroad corporation was duly consolidated with another railroad company, it being provided in the instrument of conveyance that the grantee, the consolidated company, take the property subject to the just debts of the grantor, the retiring company, the judgment rendered in the condemnation proceeding is binding upon the consolidated company, or grantee.

From the Fountain Circuit Court.

*W. R. Crawford, H. Crawford, B. Crane* and *A. B. Anderson,* for appellant.

*G. D. Hurley, M. E. Clodfelter* and *C. L. Thompson,* for appellee.

HOWARD, J.—From the special finding of facts made by the court in this case, it appears:

The Chicago and Southeastern Railway Company *v*. Galey.

1. That in the month of August, 1889, prior thereto and ever since, the appellee was and has been the owner of the land described in the complaint.

2. That in said month of August, 1889, the Midland Railway Company wrongfully entered upon appellee's said land and constructed its railroad thereon, and it and its successors have ever since continued in possession of the strip of ground through said land upon which the said railroad is built, and have continuously used the same for the purposes of said road.

3. That in the month of September, 1890, the appellee instituted proceedings to have his damages assessed for said appropriation of his said real estate by said railway company, under the provisions of the statute for the assessment of damages in such cases; that such damages were duly assessed by the sheriff's jury and returned to the office of the clerk of the court; that said railroad company appeared to said proceeding and filed answer thereto, issues were joined and judgment, absolute in its terms, was duly rendered in favor of the appellee, for his damages and costs against said company.

4. That appellant is a duly organized and existing railroad company, empowered to consolidate with other railroad corporations and to purchase and acquire other railroads.

5. That on the 30th day of October, 1891, the said Midland Railway Company, by an instrument duly signed by its president and attested by its secretary and corporate seal, the execution of which was duly acknowledged, conveyed to the appellant railroad company all of its property of every kind and description, for the express purpose of merging the two railroads, and leaving no assets of any description in the hands of the said Midland Railway Company, out of which its debts might be satisfied. Said instrument provided, amongst other

things, that said appellant company should take all said property subject to the just debts against said Midland Railway Company.

6. That at the time said instrument was executed, appellee's judgment was a valid subsisting debt against said Midland Railway Company, and still remains unpaid.

7. That upon the execution of the deed of conveyance to the appellant of all the property of the Midland Railway Company, as set forth in the fifth finding, the appellant entered into possession of said property, including that portion of appellee's premises so appropriated by the said Midland Railway Company for their said railroad, and have ever since continued in the use of the same.

As conclusions of law, the court found that the appellee was entitled to judgment against the appellant for the amount of his said judgment against the Midland Railway Company.

The only brief filed by appellant is a supersedeas brief in which it is claimed that the court erred in overruling the demurrer to the complaint, and also in its conclusions of law. There is no argument, however, in favor of these contentions, nor are there any authorities cited.

As the same questions arise under the assignment that the court erred in its conclusions of law as arise under the assignment that the court erred in overruling the demurrer to the complaint, we need consider only the correctness of the conclusions of law. *Stephenson* v. *Boody,* 139 Ind. 60; *Martin* v. *Cauble,* 72 Ind. 67; *Graham* v. *State, ex rel.,* 66 Ind. 386.

We think there can be no question that the conclusions of law upon the facts found were correct.

In *New York, etc., R. R. Co.* v. *Hammond,* 132 Ind. 475, a case very much like the case at bar, this court, by

COFFEY, J., said: "When the appellant, upon acquiring the property, rights and franchises of the corporation condemning the land for right of way, entered upon, used and occupied the land for the purposes for which it was condemned, it must be held to have elected to adopt the original appropriation. Having adopted and ratified such appropriation it is bound in equity and good conscience to compensate the owners for their land thus taken. It is bound by the judgment against the corporation through which it takes its title, and must pay for the land the price fixed by the award and judgment in the proceedings to condemn. Indeed the question now under discussion does not seem to be an open one in this State."

Filed Feb. 21, 1895; petition for a rehearing overruled May 27, 1895.