ZIMMERMAN v. KANSAS CITY NORTHWESTERN R. CO.

(Circuit Court of Appeals. Eighth Circuit. March 3, 1906.)

No. 2,228.

1. EMINENT DOMAIN—RAILROADS—RIGHT OF WAY—APPROPRIATION—PROPERTY OWNER—REMEDIES.

Where a railroad company appropriated plaintiff's lot without exercising its right of eminent domain or otherwise legally. acquiring title or·

right to do so, plaintiff could waive the trespass and recover compensation for all damages sustained by reason of such appropriation.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, § 729.]

2. SAME—PAYMENT OF JUDGMENT—PASSING TITLE.

Payment of the judgment recovered by plaintiff in such action was a condition precedent to the passing of title to the land appropriated under Const. Kan. art. 12, § 4, declaring that no right of way shall be appropriated to the use of any corporation until full compensation thereof be first made in money or secured by a deposit of money to the owner.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 851, 852.]

3. SAME—JUDGMENT—CONCLUSIVENESS—PARTIES—SUCCESSORS IN INTEREST.

Where, after a railroad company appropriated certain land belonging to plaintiff for a right of way, without right, plaintiff recovered judgment in a suit on a quasi contract for the value of the land, such judgment was conclusive as to plaintiff's damages, not only as against the company guilty of such taking, but also against a successor corporation which purchased the railroad under foreclosure proceedings.

4. MORTGAGES—FORECLOSURE—DECREE—EFFECT.

Where a decree foreclosing a railroad mortgage reserved to the court jurisdiction, both as against the parties to the suit and the purchaser at the contemplated sale, to adjudicate all pending and undetermined claims presented, whether contracted by the receiver or the mortgagor company before commencement of the suit, and to determine whether such claims were valid and entitled to priority over the mortgage debts, etc., a creditor of the mortgagor company holding judgment for damages for land appropriated by the mortgagor company for a right of way, who was not a party to the foreclosure proceedings, was not bound by the foreclosure decree, nor required to enforce his judgment by intervention therein.

Appeal from the Circuit Court of the United States for the District of Kansas.

This was a bill in equity to enjoin the defendant company from operating its railroad over a lot of ground formerly owned by plaintiff's intestate, Zimmerman, until a judgment rendered against its predecessor in title, for damages sustained by the taking and appropriation of the lot should be paid. By the Statutes of Kansas in force at the times hereinafter mentioned (section 1359 et seq., Gen. St. 1901), a scheme was provided by which railroad corporations in the exercise of the right of eminent domain might apply to a board of commissioners to locate their roads, make assessments of the value of the land taken and the damages occasioned thereby to the several owners, with provision for an appeal, so far as assessment of damages was concerned, to the district court. Without attempting to comply with the provisions of this statute, the Kansas City, Wyandotte & Northwestern Railway Company, hereinafter called "Wyandotte Company," in 1887 entered as a trespasser upon and appropriated to its own use as a part of its right of way, a lot of ground in the city of Leavenworth belonging to plaintiff's intestate, and by disturbance of the established grade of the street impaired ingress and egress to and from the lot.

In 1889 Zimmerman commenced an action against the Wyandotte Company in the district court of Leavenworth county to recover damages sustained by the appropriation of his land, and the construction of the railroad thereon. This resulted, in 1897, in a judgment in his favor for $3,000. In 1888 the Wyandotte Company executed its mortgage conveying its railroad to a trustee to secure the payment of an issue of bonds. Afterwards the trustee commenced an action in the Circuit Court of the United States for the District of Kansas, and in 1896 secured a decree foreclosing the mortgage and ordering the property sold. It was subsequently sold to a purchasing committee who conveyed it to the defendant company. The decree, which by reference was

made part of the bill, contained the following provision: "This court hereby reserves to itself from this decree, the power and jurisdiction both as against the parties to this suit and as against said purchaser at said contemplated sale, to .hear and adjudicate all pending and undetermined claims hereinafter presented, whether contracted by the receiver or the mortgagor company, before the commencement of this suit and to determine as to said claims, whether they are or are not valid and entitled to priority over the mortgage debts hereinbefore referred to, and to make all such orders and supplementary decrees touching said claims and demands as may be deemed proper," etc. The substance of this provision was also found in the purchasers' deed.

Defendant company, after the purchase, took possession of the lot as part of its right of way and has since then constantly retained and used the same. Neither the mortgagor company nor the purchasing company have ever paid plaintiff's judgment or otherwise compensated Zimmerman for the damages sustained by him by reason of the taking and appropriation of his lot.

The trial court sustained a demurrer to this bill, and after a final decree of dismissal it was brought here by appeal.

John H. Atwood (William W. Hooper, on the brief), for appellant.

Frank Doster (B. P. Waggener, James W. Orr, and W. P. Waggener, on the brief), for appellee.

Before SANBORN and ADAMS, Circuit Judges.

ADAMS, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Notwithstanding all the parties are citizens of Kansas, it is practically and we think necessarily conceded that the court below acquired jurisdiction, on the ground that the suit as originally brought involved the construction of the decree of the federal court in the foreclosure suit. We accordingly refrain from further considering the jurisdictional question raised by the assignment of error.

As the Wyandotte Company appropriated Zimmerman's lot without resorting to the statutory method of exercising the right of eminent domain or otherwise legally acquiring title or right to do so, it conferred upon Zimmerman the right to waive the trespass and commence his action in the district court, the same as he might have done had formal proceedings been taken by the railroad company and he had been dissatisfied with the award of the commissioners "to recover compensation 'for all the damages which he sustained by reason of the permanent taking and appropriation of the right of way by the railroad company." C. B. U. P. R. R. Co. v. Andrews, 26 Kan. 702, 710; Cohen v. St. L., Ft. S. & W. R. R. Co., 34 Kan. 158, 8 Pac. 138, 55 Am. Rep. 242; Wichita & W. R. R. Co. v. Fechheimer, 36 Kan. 45, 12 Pac. 362; U. S. v. Great Falls Mfg. Co., 112 U. S. 645, 5 Sup. Ct. 306, 28 L. Ed. 846.

The bill discloses the true nature of Zimmerman's action as originally instituted in 1889. It was not an action of trespass quare clausum fregit to recover damages then accrued, but waiving the trespass committed by the railroad company and recognizing its action as the legal equivalent of formal proceedings of condemnation, Zimmerman sought by his suit exactly what he would have secured had such formal proceedings been taken and had he appealed from the award of the commissioners to the district court to correct the same. His action was to secure such an award, and the judgment is in legal

effect an award of all damages, past, present and future, which he sustained by reason of the appropriation of his lot. The payment of this award was a condition to the acquisition of title by the Wyandotte Company. Article 12, § 4, of the Constitution of Kansas ordains that "No right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money or secured by a deposit of money to the owner. * * *" It is settled law that under Constitutions of this character which generally prevail in the United States, title does not pass from the owner of land appropriated to public use to the corporation making such appropriation until compensation has been actually made. Kennedy v. Indianapolis, 103 U. S. 599, 604, 26 L. Ed. 550; Cherokee Nation v. S. Kansas Railway Co., 135 U. S. 641, 659, 10 Sup. Ct. 965, 34 L. Ed. 295; Drury v. Midland Railroad, 127 Mass. 571, 576; Western Pa. R. R. Co. v. Johnston, 59 Pa. 290; Provolt v. Chicago, Rock Island & Pac. R. R. Co., 57 Mo. 256.

The owner, by laches or waiver, may lose his right to enjoin the trespass or his right to an action of ejectment to regain possession. Wichita & W. R. R. Co. v. Fechheimer, supra; Buckwalter v. A., T. & S. F. Ry. Co., 64 Kan. 403, 67 Pac. 831, but title or unconditional right to enjoy the free use of the property taken does not accrue until the damages incident to its appropriation are paid. It appears from the bill that Zimmerman's suit was brought before the foreclosure suit was instituted and before defendant purchased the railroad; that the same was, with the full knowledge of defendant company, pending at the time of the judgment of foreclosure and purchase by the defendant. The judgment subsequently rendered in that suit would, of course, be conclusive as to Zimmerman's damages so far as the Wyandotte Company itself was concerned. This is not disputed. It is, in our opinion, equally conclusive against the purchasing company.

In the case of Pfeifer v. Sheboygan & Fond du Lac R. R. Co., 18 Wis. 155, 86 Am. Dec. 751, it appears that the plaintiff was owner of lands taken by a railroad company for public use; that legal proceedings were had to assess the damages which resulted in a judgment in the owner's favor, which was not paid. The road was subsequently sold in foreclosure proceedings, purchased by a committee and resold to defendant railway company. It took possession thereof, including the right of way over plaintiff's lot. The action was brought to compel the new road to pay the amount of the judgment against its predecessor. The court held that the new company, by taking possession of plaintiff's lot and operating its road over it, subjected itself to the condition, on which its predecessor held it, of paying the judgment against it for damages. To the same effect are the following cases: Gilman v. Sheboygan & Fond du Lac R. R. Co., 40 Wis. 653; Drury v. Midland R. R. Co., supra; Bridgman, Administrator, v. St. Johnsbury & L. C. R. R. Co., 58 Vt. 198, 2 Atl. 467; Western Penn. R. R. Co. v. Johnston, supra; Rio Grande & E. P. Ry. Co. v. Ortiz, 75 Tex. 602, 12 S. W. 1129; Organ v. Memphis & L. R. R. Co., 51 Ark. 235, 11 S. W. 96; Lake

Erie & Western Ry. Co. v. Griffin, 107 Ind. 464, 8 N. E. 451; Chicago & S. E. R. Co. v. Galey, 141 Ind. 360, 39 N. E. 925.

The principles announced in the foregoing authorities, without quoting at length from them, may be summarized as follows: Under Constitutions and laws similar to those of Kansas the landowner's right to damages sustained by an appropriation of his land by railroad corporations is paramount to the rights of a subsequent mortgagee; a purchaser from the company originally appropriating the land holds title to it, subject to the condition of paying the damages occasioned by the appropriation and a judgment for such damages secured against the original company is conclusive against the purchasing company. From the foregoing we think it follows conclusively that defendant should not be permitted to continue the use of plaintiff's lot without paying the damages awarded to him, unless the decree in the foreclosure suit determines otherwise. Many of the cases cited (supra) deal with the liability of railroad companies purchasing property under decrees of foreclosure of mortgages, like that involved in this case. There is no suggestion in any of them that such fact presents an obstacle to the assertion of liability against the purchasing company; neither do we perceive how such fact could in itself vary the general rule announced in those cases. But it is earnestly contended by counsel for defendant that complainant has no rights except such as were conferred by the decree of foreclosure and that his only remedy to secure compensation for the lot taken was by intervention in the foreclosure suit.

The provision of the decree on which reliance is placed is fully set out in the statement preceding this opinion. It reserved jurisdiction "as against the parties to this suit and as against said purchaser at said contemplated sale, to determine whether claims contracted by the mortgagor or the receiver were valid and entitled to priority over the mortgage debt." This reservation is limited in its character. It does not purport to reserve jurisdiction over all persons, but only over the parties to the suit, including the purchaser of the property and then only for the purpose of determining the validity and priority over the mortgage debt of claims contracted by the mortgagor or receiver.

Plaintiff's intestate was not a party to the foreclosure suit, and it was of no consequence to him whether his claim was prior in right or equity to the mortgage debt or not. He was not asserting any preferential claim, but was standing on the right guarantied to him by the Constitution of his state, that his property should not be taken for public use without payment of just compensation. The Wyandotte Company never made this payment and accordingly, acquired no title to the lot. It could therefore convey no title by mortgage or otherwise so as to free the purchaser, provided he desired to continue the use of the lot, from performance of the fundamental condition on which its use depended. This Zimmerman knew, because it was the law of the land. He had no occasion to ask the court in charge of the foreclosure proceedings to protect his rights or decree him a lien superior to the mortgage debt. He had no lien, strictly

speaking, but did have a remedy superior to the enforcement of any lien and coexistent with the use that any subsequent purchaser might make of his lot, and that was to require such purchaser to perform the condition upon which such use depended. As said by the late Judge Simonton in Wheeling Bridge & Terminal Ry. Co. v. Reymann Brewing Co., 90 Fed. 189, 193, 32 C. C. A. 571, 575:

"It is not a question of a preferential claim, in the sense of a claim having superior equities to the mortgage debt. It is the payment of the claim which outranks the mortgage, independent of it, unaffected by the proceedings for foreclosure."

We have no occasion in this case to consider and therefore refrain from expressing any opinion of the possible effect of want of knowledge by the purchaser of the lot owner's claims, prior to the purchase. The bill under consideration shows that the defendant purchased the railroad with actual knowledge of Zimmerman's claims. We do not question the soundness of the doctrine urged upon us by defendant's counsel, based upon the cases of Jesup v. Wabash, St. L. & P. Ry. Co. (C. C.) 44 Fed. 663; Thompson v. N. Pac. Ry. Co., 93 Fed. 384, 35 C. C. A. 357, to the effect that claims against the receiver must be presented to the court appointing him, in cases where the payment of such claims is by the decree imposed upon the purchaser as a part of the purchase price. But, in our opinion, the case before us depends for its solution upon principles not involved in them. Neither do we doubt that Zimmerman might have waived his constitutional right to insist upon the prepayment of his damages, and have elected to hold the trespassing company in a personal action only for damages, thereby foregoing his constitutional protection and extending personal credit to the company. But such is not this case. Zimmerman waived the trespass but treated the railroad company as exercising, though informally, its right of eminent domain, and as a recognized substitute for the procedure provided by statute, brought his suit for the damage sustained by the taking and appropriation of his lot. By authority of the Kansas cases above cited the judgment secured in such a suit was the equivalent of the award of damages contemplated by the statute, and under the Constitution and laws of Kansas, entitled the owner to full payment thereof as a condition precedent to divestiture of his title.

We are unable to see how the statute of limitations can afford protection to the defendant. Zimmerman excused the unlawful entry, waived the trespass and treated the entry as the exercise of the right of eminent domain. He seasonably brought his suit for an award of damages, and in 1897, secured judgment therefor. In 1899 this suit was instituted. No statute of which we are aware barred Zimmerman's right of action at that time.

We have purposely refrained from referring to the proceedings in the court below relative to the filing and striking out of the amended bill and granting leave to file an intervening petition in the foreclosure case. All questions determinative of the rights of parties are, in our opinion, presented by the demurrer to the first bill filed in the court below, and as we find nothing in the course of procedure

afterwards, affecting the rights so presented, we do not deem it necessary to further consider them. The trial court, in our opinion, committed error in sustaining the demurrer to the bill.

The decree must therefore be reversed, and the cause remanded, with instructions to proceed in harmony with this opinion.