## SNOWDEN v. FT. LYON CANAL CO.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1916.)

### No. 4644.

1. APPEAL AND ERROR ⊗⇒254—REVIEW OF RULING ON DEMURRER—NECESSITY OF EXCEPTIONS.

An exception is not necessary to open a question of law arising in the sustaining of a demurrer to a complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1486, 1487; Dec. Dig. ⊗⇒254.]

2. PLEADING ⊗⇒418(1)—RULING ON DEMURRER—EFFECT OF PLEADING OVER.

Error in the sustaining of a demurrer to a complaint is not waived by the filing of an amended complaint, where the latter is stricken from the files.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1399, 1403; Dec. Dig. ⊗⇒418(1).]

3. APPEAL AND ERROR ⊗⇒870(5)—ASSIGNMENT OF ERRORS—RULINGS ON DEMURRER.

A ruling sustaining a demurrer to a complaint, where no amended complaint is filed, is reviewable on an assignment of error to the judgment dismissing the action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3496, 3506–3508; Dec. Dig. ⊗⇒870(5).]

4. EMINENT DOMAIN ⊗⇒270—REMEDIES OF OWNER OF PROPERTY—RECOVERY OF COMPENSATION.

Where an irrigation company authorized to condemn land for its works, without instituting such proceedings or the payment of compensation, constructed a permanent reservoir on the land of another, the owner, in the absence of a statute requiring him to proceed under the condemnation statute, may waive the tort and maintain an action on an implied contract to recover the value of the land so taken and held.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 706–716, 741; Dec. Dig. ⊗⇒270.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Howard Snowden against the Ft. Lyon Canal Company. Judgment for defendant, and plaintiff brings error. Reversed.

John Campbell, of Denver, Colo. (A. H. Felker and John T. Barnett, both of Denver, Colo., on the brief), for plaintiff in error.

Henry A. Dubbs, of Denver, Colo. (Henry C. Vidal, of Denver, Colo., on the brief), for defendant in error.

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

CARLAND, Circuit Judge. The plaintiff, Snowden, a citizen of Pennsylvania, sued the defendant canal company, a Colorado corporation, and stated his cause of action as follows:

"(2) That the defendant has the authority, under and by virtue of the laws of the state of Colorado in such case made and provided, and upon compliance with the laws of said state, to exercise the right of eminent domain to acquire all the necessary privileges, easements, and rights of way for the purpose of constructing the ditches, canals, and reservoir hereinafter mentioned.

"(3) That said Howard Snowden is now, and at all times herein mentioned has been, the owner in fee and entitled to the possession of the following described tract or parcel of land, situate, lying, and being in the county of Bent and state of Colorado, and more particularly described as follows, to wit: The S. W. ¼ of section 8 in township 21 south, range 52 west of the Sixth principal meridian; and that the said Howard Snowden is the only person interested in the said property as owner, or otherwise, as appears of record in the office of the clerk and recorder of Bent county, Colo.

"(4) That during the years 1910 and 1911, or thereabouts, the said defendant, by its agents, servants, and employés, without the knowledge or consent of the plaintiff herein, and without any right or authority so to do, wrongfully entered upon said land of the plaintiff herein, and constructed upon parts thereof hereinafter described a reservoir for the purpose of storage of water, and erected for that purpose a large dam of dirt and rock about 20 feet wide at the top and about 16 feet in height, and is making claim of a permanent occupation of said premises for the purpose herein mentioned.

"(5) That the defendant, for the purpose above mentioned, wrongfully appropriated for its own use, and took possession of and occupied, and now continues to so wrongfully appropriate and to so hold possession of and occupy, about 122.5 acres of land belonging to said Howard Snowden, lying in the said S. W. ¼ of section 8, township 21 south, range 52 west of the Sixth principal meridian, and being more particularly described as follows, to wit: Beginning S. W. cor. Sec. 8; thence N. 89° 51′ E., 895.9 ft.; thence N. 43° 05′ E., 2,524.8 ft.; thence N. 88° 45′ E., 19.6 ft., to center line Sec. 8; thence north 800.2 ft. to center Sec. 8; thence S. 89° 51′ W., 2,640 ft., to W. ¼ cor. Sec. 8; thence south 2,640 ft. to place of beginning. That said 122.5 acres was, at the time it was so taken and appropriated, as herein set forth, of the value of $13,965, and that by reason of the acts of said defendant the said Howard Snowden has sustained damages to his land in the sum of $13,965.

"(6) That the said defendant has not paid for any part of the land herein above described, so taken by it, and has not paid said damages, nor any part thereof, to the said plaintiff, and no proceedings have been instituted for the purpose of ascertaining the damages due said plaintiff for the property so taken and damaged."

There was, of course, a demand for judgment.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and no exception taken to the ruling. An amended complaint was filed which on motion was stricken from the files for the reason that in legal effect it in no way differed from the original complaint. The order which struck the amended complaint from the files also dismissed the action. The paragraph of the order which struck the complaint from the files preceded the paragraph dismissing the action. To this order the plaintiff ex-

cepted and sued out a writ of error to review the judgment of dismissal.

It is assigned as error that the court erred in rendering judgment in favor of the defendant, or, in other words, in dismissing the action. The argument of counsel for plaintiff is chiefly directed to showing that the trial court erred in sustaining the demurrer to the original complaint. Counsel for defendant insist that the ruling on the demurrer is not open for consideration because: (1) That the ruling was not excepted to; (2) that the plaintiff waived the error, if any, in the ruling by filing an amended complaint; (3) the ruling is not assigned as error.

[1] In regard to the first objection, it may be said that no exception is necessary to open the question of law arising on the sustaining of the demurrer. Denver v. Holmes Savings Bank, 236 U. S. 101, 35 Sup. Ct. 265, 59 L. Ed. 485; Nalle v. Oyster, 230 U. S. 165, 33 Sup. Ct. 1043, 57 L. Ed. 1439.

[2] In regard to the second objection, it may be said that the reason for the rule that when one amends his pleading after it has been attacked successfully by demurrer thereby waives any error in the ruling, is that by so doing he voluntarily accepts the ruling and seeks to cure the defect in the pleading by substituting a new pleading for the old, thereby rendering the ruling immaterial, but if the new pleading is stricken. he ought not to be held to have waived the error in the ruling sustaining the demurrer, as there is no new pleading which can be said to have taken the place of the old. The attempt to do what would have amounted to a waiver has not been accomplished. Moreover, according to the record there was no amendment of the complaint.

[3] When the case was dismissed there was only of record the original complaint, the demurrer thereto, and the order sustaining the demurrer. The case was dismissed for the reason that a demurrer had been sustained to the complaint, and no amended complaint filed; therefore, we think, that to assign as error the entry of the judgment of dismissal was sufficient in this case to permit the consideration of the question as to whether there was error in the ruling sustaining the demurrer. We will now proceed to consider that question.

[4] The complaint, in brief, is this: The defendant having the right of eminent domain under the laws of Colorado to acquire land for the construction of a reservoir for the storage of water, without plaintiff's consent, took possession and occupied, and now continues to appropriate and occupy, a tract of land belonging to the plaintiff containing 122.5 acres, and constructed thereon a reservoir for the storage of water, and in the construction of said reservoir erected a dam of dirt and rock about 20 feet wide at the top and about 16 feet in height, with the intention to permanently occupy the same. The value of the land taken is alleged and judgment demanded for said value. That the complaint alleges a taking of the land in question seems clear, and that plaintiff is entitled to just compensation for the land taken necessarily follows. Counsel for defendant, however, insist that the plaintiff can-

not recover the value of the land as damages. Their position stated in their brief is as follows:

"The correct view of the situation is that defendant was a trespasser and as such was liable in damages in a proper suit for its past unlawful occupancy if any such were claimed, and that it was also subject to a judgment ousting it from possession or restraining its operations until condemnation. This was the extent of its liability, but the action before this court is not of that character."

We have not been referred to any legislation of the state of Colorado, nor have we been able to find any, which would compel the land owner to proceed under the condemnation statute to recover his damages; and, the complaint having alleged that no proceedings had been instituted by the defendant for the purpose of ascertaining the damages due said plaintiff for the property taken and damaged, the defendant is not at liberty on the present record to claim the benefit of any provision of the condemnation statute. The question then is: May the plaintiff waive the tort, conceding the facts pleaded show a trespass on the part of the defendant, and sue as upon an implied contract for the value of the land? The case of United States v. Great Falls Mfg. Co., 112 U. S. 645, 5 Sup. Ct. 306, 28 L. Ed. 846, was a case where the Great Falls Company had recovered a judgment in the Court of Claims against the United States for the sum of $15,692, as compensation for all past and future use and occupation by the United States of certain land, water rights, and privileges, claimed by that company. The damages recovered in the Court of Claims were for land and water rights taken and used by the officers and agents of the government without condemnation proceedings and without any compensation having been made therefor to the Great Falls Company. The question propounded by the Supreme Court was:

"By what authority have they (officers and agents of the government) appropriated to public use the property of the claimant? The answer to this question will determine whether the present demand of the claimant arises out of an implied contract, and therefore enforceable by suit against the United States in the Court of Claims."

The court then proceeded to answer the question as follows:

"It seems clear that these property rights have been held and used by the agents of the United States under the sanction of legislative enactments by Congress; for the appropriation of money specifically for the construction of the dam from the Maryland shore to Conn's Island was, all the circumstances considered, equivalent to an express direction by the legislative and executive branches of the government to its officers to take this particular property for the public objects contemplated by the scheme for supplying the capital of the nation with wholesome water. The making of the improvements necessarily involves the taking of the property; and if, for the want of formal proceedings for its condemnation to public use, the claimant was entitled, at the beginning of the work, to have the agents of the government enjoined from prosecuting it until provision was made for securing, in some way, payment of the compensation required by the Constitution—upon which question we express no opinion—there is no sound reason why the claimant might not waive that right, and, electing to regard the action of the government as a taking under its sovereign right of eminent domain, demand just compensation. Kohl v. United States, 91 U. S. 367, 374 [23 L. Ed. 449]. In that view, we are of opinion that the United States, having by its agents, proceeding under the authority of an act of Congress, taken the property of the claim-

ant for public use, are under an obligation, imposed by the Constitution, to make compensation. The law will imply a promise to make the required compensation, where property, to which the government asserts no title, is taken, pursuant to an act of Congress, as private property to be applied for public uses. Such an implication being consistent with the constitutional duty of the government, as well as with common justice, the claimant's cause of action is one that arises out of implied contract, within the meaning of the statute which confers jurisdiction upon the Court of Claims of actions founded 'upon any contract, express or implied, with the government of the United States.' * * *

"In the present case, there were, it is true, no statutory proceedings for the condemnation of the claimant's property rights. Such proceedings, as has been stated, were instituted by the United States in one of the courts of Maryland, in which the property rights of the claimant were expressly recognized. But they were abandoned. One reason, perhaps, for such abandonment, was that, in the judgment of the officers of the United States, a fair assessment of damages could not be had in the mode prescribed by the Maryland statute. Be this as it may, it is clear, from the record, that the government did not assert title in itself to this property, at the time it was taken.

"Having abandoned the proceedings of condemnation, the proper officers of the government, in conformity with the acts of Congress, constructed the dam from the Maryland shore to Conn's Island, the doing of which necessarily involved the occupation and use of the property, as contemplated in what was called the fourth plan for bringing water from the Great Falls to Washington and Georgetown. In such a case, it is difficult to perceive why the legal obligation of the United States to pay for what was thus taken pursuant to an act of Congress is not quite as strong as it would have been had formal proceedings for condemnation been resorted to for that purpose. If the claimant makes no objection to the particular mode in which the property has been taken, but substantially waives it, by asserting, as is done in the petition in this case, that the government took the property for the public uses designated, we do not perceive that the court is under any duty to make the objection in order to relieve the United States from the obligation to make just compensation."

In Great Falls Mfg. Co. v. Attorney General, 124 U. S. 581, 8 Sup. Ct. 631, 31 L. Ed. 527, it was said:

"Even if the secretary's survey and map, and the publication of the Attorney General's notice, did not, in strict law, justify the former in taking possession of the land and water rights in question, it was competent for the company to waive the tort, and proceed against the United States, as upon an implied contract; it appearing, as it does here, that the government recognizes and retains the possession taken in its behalf for the public purposes indicated in the act under which its officers have proceeded."

In the case of United States v. Lynah, 188 U. S. 445, 23 Sup. Ct. 349, 47 L. Ed. 539, it was decided that where the government of the United States, by the construction of a dam or other public works, so floods lands belonging to an individual as to totally destroy its value, there is a taking of private property within the scope of the fifth amendment; that, when the government appropriates property which it does not claim as its own, it does so under an implied contract that it will pay the value of the property it so appropriates; that the flooding of the land was an actual appropriation of the same, including the possession and the fee, and, when the amount awarded as compensation is paid, the title, the fee, and whatever rights may be adjudged thereby pass to the government, which becomes henceforth the full owner. In the case last cited it was also said:

"It does not appear that the plaintiffs took any action to stop the work done by the government, or protested against it. Their inaction and silence amount to an acquiescence—an assent to the appropriation by the government. In this respect the case is not dissimilar to that of a landowner who, knowing that a railroad company has entered upon his land and is engaged in constructing its road without having complied with the statute in respect to condemnation, is estopped from thereafter maintaining either trespass or ejectment, but is limited to a recovery of compensation. Roberts v. Northern Pacific Railroad, 158 U. S. 1, 11 [15 Sup. Ct. 756, 39 L. Ed. 873]; Northern Pacific Railroad v. Smith, 171 U. S. 260 [18 Sup. Ct. 794, 43 L. Ed. 157], and cases cited in the opinion."

This seems to be the law in Colorado: Denver & S. F. Ry. Co. v. School District, 14 Colo. 327, 23 Pac. 978; Denver & R. G. R. R. Co. v. Doelz, 49 Colo. 55, 111 Pac. 595; Edwards v. Roberts, 26 Colo. App. 538, 144 Pac. 856; Stuart et al. v. Colo. Eastern R. Co. (Colo.) 156 Pac. 152.

It is the rule generally: Zimmerman v. Kansas City N. W. Co., 144 Fed. 622, 624, 75 C. C. A. 424 (8th Circuit); 2 Elliott on Railroads (2d Ed.) pars. 1049 and 1049B; Smith v. Chicago, A. & St. Louis R. Co., 67 Ill. 191; McClinton v. Pittsburgh-Fort Wayne & C. R. Co., 66 Pa. 404; Wichita & Western R. Co. v. Gette Fechheimer, 36 Kan. 45, 12 Pac. 362; A. Cohen v. St. Louis, Ft. Scott & W. R. Co., 34 Kan. 158, 8 Pac. 138, 55 Am. Rep. 242; C., B. U. P. R. Co. v. Andrews, 26 Kan. 702, 710; Parsons Water Co. v. Knapp, 33 Kan. 752, 7 Pac. 568; United States v. Great Falls Mfg. Co., 112 U. S. 645, 5 Sup. Ct. 306, 28 L. Ed. 846; Blanchard v. Kansas City (C. C.) 16 Fed. 444; Strickler v. Midland Ry. Co., 125 Ind. 412, 25 N. E. 455.

It is admitted by counsel for defendant that, in railroad cases where the railroad corporation is charged with a public duty, the rule limiting the landowner to a suit for damages where he has acquiesced in the taking, even though the taking be unauthorized and unlawful, is as stated, but where the claim is made in a case like the one at bar there would be no reason for the rule. We do not think counsel would make this claim if this was an action seeking to oust the defendant from the possession of the land and remove its structures therefrom; on the contrary, we are of the opinion that counsel would be here urging that the plaintiff's remedy was one for damages. We think that upon reason and authority plaintiff had the right to waive the tort committed by the unlawful taking of his land by the defendant and sue upon the implied contract for the value thereof. The defendant may have many good defenses to this action, but until they are pleaded and proved we may not consider them. The court erred in sustaining the demurrer to the complaint, and the judgment below should be reversed, and the case remanded, with instructions to the trial court to overrule the demurrer, with leave to the defendant to answer if it shall be so advised.

And it is so ordered.