MORTON et al. v. FT. LYON CANAL CO.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1916.)

No. 4645.

EMINENT DOMAIN ☞289—JOINDER OF PLAINTIFFS.

> The complaint, in an action to recover damages for the wrongful appropriation of right of way over a tract of land by an irrigation company, *held* not subject to demurrer for misjoinder of plaintiffs because of the joinder of a plaintiff whose part interest in the land had been disposed of to her coplaintiff, where it did not appear from the pleading whether defendant entered upon the land before or after such disposition.
>
> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 789–796; Dec. Dig. ☞289.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Nellie W. Morton and Frances Kent Wells against the Ft. Lyon Canal Company. Judgment for defendant, and plaintiffs bring error. Reversed.

John Campbell, of Denver, Colo. (A. H. Felker and John T. Barnett, both of Denver, Colo., on the brief), for plaintiffs in error.

Henry A. Dubbs, of Denver, Colo. (Henry C. Vidal, of Denver, Colo., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

CARLAND, Circuit Judge. This case is ruled by our opinion in No. 4644 (238 Fed. 495, —— C. C. A. ——), this day filed, except that the demurrer in this case stated as one of the grounds of demurrer that there was a misjoinder of parties plaintiff. The complaint alleges that title to the land taken vested in the plaintiffs May 12, 1899, and continued in them until June 17, 1911, when Frances Kent Wells conveyed all her right, title, interest, and right of possession to the property to the plaintiff Nellie W. Morton.

The complaint also alleged that the property was taken during the years 1910 and 1911, or thereabouts. It does not, therefore, clearly appear whether the land was taken while the title was in both of the plaintiffs; but it might have been. For this reason we do not think there was a misjoinder of parties plaintiff. If it shall happen at the trial that the land was taken when one of the plaintiffs had no interest therein, of course that plaintiff could not recover; but we do not think the complaint was bad for misjoinder of parties.

The judgment is reversed, and the case remanded, with instructions to overrule the demurrer, with leave to the defendant to answer if it shall be so advised.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes